EARL FAIRMAN, Jr., APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5188

March 27, 1967          425 P.2d 342

*Babcock & Sutton,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, *George E. Franklin, Jr.,* District Attorney, *James H. Bilbray* and *James D. Santini,* Deputy District Attorneys, of Clark County, for Respondent.

## O P I N I O N

By the Court, COLLINS, J.:

Appellant was convicted of two crimes, sale and possession of marijuana, a narcotic. His appeal urges two grounds of error. He contends the trial court wrongly admitted evidence of a prior offense and erroneously permitted the jury to find him guilty of two crimes arising out of the same transaction or act. We agree, reverse the convictions, and remand for a new trial.

On December 18, 1965 Curtis Wheeler, a police informer, arranged to purchase marijuana from appellant. Wheeler contacted Fairman at the Cove Hotel in Las Vegas, Nevada, who drove Wheeler to 1649 G Street, entered a house, returned a few minutes later with a brown envelope and gave it to Wheeler for $5.00. On December 22, 1965 the identical series of events occurred. On each occasion contents of the brown envelope proved to be marijuana.

Appellant was charged, in a two-count indictment, for selling and possession of narcotics in violation of NRS 453.-030,[1] based only upon the events of December 22. During the trial the court allowed evidence of the prior offense of December 18 to be admitted over objection of appellant, pursuant to the authority of Overton v. State, 78 Nev. 198, 370 P.2d 677 (1962) and State v. Nystedt, 79 Nev. 24, 377 P.2d 929 (1963), for the purpose of showing a common scheme or plan. The jury convicted him of both crimes. The court denied his motion for a new trial and he appeals. NRS 177.060 (2)(b). Sentencing was stayed pending determination of this appeal.

The common scheme or plan doctrine was first engrafted

---

[1] "453.030 Acts prohibited. It shall be unlawful for any person to * * * possess, * * * sell * * * any narcotic drug, except as authorized in NRS 453.010 to 453.240, inclusive."

into the law of Nevada in State v. McFarlin, 41 Nev. 486, 172 P. 371 (1918), where at page 494 this court said: "It is the general rule that evidence of the perpetration of distinct crimes from those for which a defendant is being tried will not be considered. There are, however, exceptions to this general rule. In the well-known case of People v. Molineux, 168 N.Y. 264, 61 N.E. 286, 62 L.R.A. 193, this question was considered at length, and it was held that, generally speaking, evidence of other crimes might be considered only when it tends to establish either (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme or plan, embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; or (5) the identity of the person charged with the commission of the crime for which the defendant is being tried. Such is, we think, the correct rule. [Citations omitted.]." In Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959), at page 47, this court defined the meaning of the fourth exception to the general rule when it said:

" 'A common scheme or plan' here means that one act or one plan or scheme might involve the commission of two or more crimes under circumstances that would make it impossible to prove one without proving all. 20 Am.Jur. 296.

" 'The test is not whether the other offense has certain elements in common with the crime charged, but whether it tends to establish a preconceived plan which resulted in the commission of that crime.' Wigmore on Evidence, 2d ed. sec. 300." In that case evidence of a separate and distinct act of rape was approved but under the fifth exception, identity.

We think the same reasoning is sound here. Sale of marijuana on December 18, 1965 was a different act from the sale on December 22d. One could be proven independently of the other. They were not so related that "proof of one tends to establish the other." It is true they were similar in plan or modus operandi, but such similarity was rejected in Nester v. State, at pages 47 and 48.

Can admission of the evidence be sustained under one of the other exceptions? It was suggested by the prosecution to the trial court it could be admitted under the rule of Overton v. State, 78 Nev. 198, 370 P.2d 677 (1962), which held, "In Wallace v. State [77 Nev. 123, 359 P.2d 749], a narcotics case, we held admissible evidence of a separate offense, offered in rebuttal, to contradict the testimony of the defendant that he had never seen marijuana. In the case at bar, the evidence was offered during presentation of the State's case in chief. Overton contends that this distinction is material. We do not agree. We

perceive no difference in principle between offering of such evidence during the State's case in chief to show the defendant's knowledge of the narcotic nature of the substance, which knowledge was put in issue by his not guilty plea, and offering such evidence in rebuttal to refute the defendant's testimony that he did not possess such knowledge." The holding in Wallace is still the law of Nevada, but the added comment in Overton is dictum. State ex rel. Nourse v. Clarke, 3 Nev. 566, 572 (1867). We will decide that issue when squarely presented to us. The trial court in Overton struck the evidence of a separate offense, but defendant complained he was prejudiced because the intermediate step required by Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959), was not taken. The dictum is disclosed by the following portion of that opinion at page 207:

"The suggested procedure in Nester is the preferred method, if circumstances permit. Wyatt v. State, 77 Nev. 490, 367 P.2d 104. However, in the instant case, the so-called 'intermediate step' could not be taken by the court because evidence of the sale of heroin was in the case without prior notice or warning of any kind. The court, then, did what it considered to be proper under the circumstances, and granted Overton's motion to strike. However, for the reasons heretofore given, we do not believe that the court below was obliged to do that. In any event, Overton did not sustain a prejudice when the court granted his respective motions to strike such testimony. Accordingly, this assignment of error is also without merit."

Because this case must be retried, we feel obligated to pass upon the issue raised of conviction for both sale and possession of marijuana arising out of the identical transaction. The problem involves interpretation of NRS 173.260(2). That statute was amended in 1965, Stats. Nev. 1965, ch. 122, § 2. It now reads as follows, with the part deleted in 1965 appearing in brackets: "The prosecution is not required to elect between the different offenses or counts set forth in the indictment or information [, but the defendant may be convicted of but one of the offenses charged, and the same must be stated in the verdict.] and a plea of guilty to one or more offenses charged in the indictment or information does not preclude prosecution for the other offenses. The defendant may be convicted of any number of offenses charged, but each offense of which the defendant is convicted must be stated in the verdict or the finding of the court."

The trial court interpreted the statute to mean that a defendant could be found guilty of two crimes under the same statute,

arising out of the identical factual situation and charged and tried under the same indictment. The jury, relying upon the court's instructions, found appellant guilty of both sale and possession of marijuana arising out of the events occurring on December 22, 1965, described above. A single statute makes both acts criminal. NRS 453.030.[2] Penalty for those violations is fixed in NRS 453.210.[3] If the conviction is lawful, appellant can be punished for both crimes, with the sentences to run consecutively or concurrently as the court directs. NRS 176.150.

We hold there can be but one conviction.

California courts have dealt extensively with this problem. In the leading case of People v. Roberts, 254 P.2d 501 (Cal. 1953), where a defendant was charged and adjudged guilty of transporting and possession of heroin, each a violation of a single statute, the convictions were not allowed to stand. The

[2]"453.030 Act prohibited. It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in NRS 353.010 to 453.240, inclusive."

[3]"453.210 Penalties.

"(a) Except as otherwise provided in subsections 2 and 3 of this section, any person who violates any provision of NRS 453.010 to 453.240, inclusive, shall upon conviction, be fined not more than $2,000 and be imprisoned in the state prison not less than 2 years or more than 5 years.

"(b) For a second offense, or if, in case of a first conviction of violation of any provision of NRS 453.010 to 453.240, inclusive, the offender shall previously have been convicted of any violation of the laws of the United States or of any state, territory or district relating to narcotic drugs or marihuana, the offender shall be fined not more than $2,000 and be imprisoned in the state prison not less than 5 years or more than 10 years.

"(c) For a third or subsequent offense, or if the offender shall previously have been convicted two or more times in the aggregate of any violation of the law of the United States or of any state, territory or district relating to narcotic drugs or marihuana, the offender shall be fined $2,000 and be imprisoned in the state prison not less than 10 years or more than 20 years.

"(d) Except in the case of conviction for a first offense, the imposition or execution of sentence shall not be suspended and probation or parole shall not be granted until the minimum imprisonment herein provided for the offense shall have been served.

"2. Any person who is convicted of the illegal sale, exchange, barter, supplying or giving away of narcotic drugs or marihuana to a person who is:

"(a) Twenty-one years of age or older shall be fined $10,000 and imprisoned in the state prison for not less than 20 years or more than 40 years. For a second or subsequent offense, such offender shall, upon conviction, be fined $10,000 and imprisoned in the state prison for not less than 40 years, which term may be extended to life."

two acts were incident to a sale of heroin. The court said at page 505, "However, 'co-operative acts constituting but one offense when committed by the same person at the same time, when combined, charge but one crime and but one punishment can be inflicted.'" Cited was People v. Clemett, 280 P. 681 (Cal..1929). It then sustained convictions for conspiracy and selling heroin, but reversed convictions for possession and transporting as necessarily incident to its sale. The same holding was followed in People v. Mateo, 341 P.2d 768 (Cal. DCA 1959). The court wrote at page 772, "It is well established that where the only possession shown is necessarily incidental to its sale or furnishing separate convictions for sale and possession cannot be had. [citations omitted] * * * But conviction may be had where the narcotic possessed is separate and distinct from that sold. People v. Holliday, 1953, 120 Cal.App.2d 562, 564, 261 P.2d 301."

A later California Supreme Court case, Neal v. State, 357 P.2d 839 (Cal. 1960), dealt with multiple convictions arising out of the same transaction and interpretation of California Penal Code Section 654.[4] Defendant was convicted of arson and two counts of attempted murder when he threw gasoline into the bedroom of his victims, a husband and wife, and ignited it. The court held at page 844, "The conviction for both arson and attempted murder violated Penal Code section 654, since the arson was merely incidental to the primary objective of killing Mr. and Mrs. Raymond. Petitioner, therefore can only be punished for the more serious offense, which is attempted murder [but both counts]."

We dealt with some aspects of this problem in State v. Carter, 79 Nev. 146, 379 P.2d 945 (1963), where a defendant was charged in separate counts of a single information with the crimes of assault with a deadly weapon and robbery. He was found guilty of assault and battery and robbery. The convictions were had before the amendment of NRS 173.260(2) in 1965 (cited above). Carter holds that more than one conviction of the offense charged and of those necessarily included within the offense charged, is precluded. The robbery conviction was upheld but the assault and battery conviction, a necessarily included offense, was adjudged void. We do not feel the amendment to NRS 173.260(2) in 1965 changes this rule.

---

[4] "[A]n act or omission which is made punishable in different ways by different provisions of this code may be punishable under either of such provisions, but in no case can it be punished under more than one."

Possession of the marijuana is a necessarily included offense when incident to the sale as shown by the facts of this case and only one conviction can be had for either the sale or possession, but not both. Conviction for the sale would bar further prosecution for possession. State v. Carter, supra.

Reversed and remanded for a new trial.

THOMPSON, C. J., and ZENOFF, J., concur.