## ROBERT MARTIN TALANCON, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 11329

January 14, 1981                                    621 P.2d 1111

---

[4]The Governor designated The Honorable Llewellyn A. Young, Judge of the Sixth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.

*William N. Dunseath,* Public Defender, Washoe County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City, and *Calvin Dunlap,* District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, Mowbray, J.:

A jury found appellant Talancon guilty of possession, sale, and conspiracy to sell a controlled substance. He appeals, asserting that he lawfully may not be convicted of both sale and possession, that the state's failure to preserve fingerprints on a plastic bag containing the controlled substance denied him due process, and finally that statements of the prosecuting attorney denied him a fair trial. We affirm the judgments of conviction.

## THE TWO CONVICTIONS

Appellant contends that on the facts of this case he cannot be convicted of both the sale and the possession of a controlled substance. We do not agree. Testimony in the record before us shows that appellant originally possessed an ounce of cocaine,

and that he sold a quarter ounce to an agent of an undercover narcotics officer. There was also testimony that the appellant consumed, personally, some of the cocaine which he did not sell. Thus there was evidence upon which the jury could infer that there was an unlawful sale of the cocaine to the undercover narcotics agent which violated NRS 453.321(1), and that he was in unlawful possession of the remainder of the cocaine in violation of NRS 453.336(1). *See* Kellett v. Superior Court of Sacramento County, 409 P.2d 206 (Cal. 1966); *cf.* Fairman v. State, 83 Nev. 137, 425 P.2d 342 (1967). The crime of possession, therefore, did not merge with that of possession for sale, since a certain amount of the substance was the predicate for each separate offense.

## THE FINGERPRINTS

Appellant suggests that he was prejudiced by the state's failure to remove fingerprints from the plastic bag which contained the cocaine. Appellant did not request that such a test be performed prior to trial, nor does he now claim that he did not know of the existence of the plastic bag or of the testimony of occupants of the house where it was found which linked him with it. Appellant's sole contention is that examination of the plastic bag may have failed to reveal his fingerprints thereon. Without a more substantial showing that the state should reasonably have believed that a test of the bag would have revealed such exculpatory evidence, or that the defense requested that the bag in fact be tested, the failure of the state to test did not violate appellant's right to due process. United States v. Henson, 486 F.2d 1292 (D.C.Cir. 1973) (en banc); White v. State, 577 P.2d 1056 (Alaska 1978).

## THE PROSECUTORIAL STATEMENTS

Appellant's final contention is that remarks made by the prosecutor referring to the defendant and his counsel during the trial prejudiced the jury against him. Although improper comments by the prosecution are presumed to be prejudicial, Pacheco v. State, 82 Nev. 172, 414 P.2d 100 (1966), in this case the evidence of guilt is so overwhelming that we conclude that the improper comments by the prosecutor did not deprive the defendant of his right to a fair trial. Garner v. State, 78 Nev. 366, 374 P.2d 525 (1962).

Nevertheless, in view of the nature of the conduct on the part of the prosecutor in this case, we see fit to note in the margin

the most egregious instances which have been cited to us.[1] We express our strong condemnation of this conduct on the part of any member of the bar of this Court; and we reiterate our willingness to impose appropriate sanctions in cases where the prejudice resulting from such conduct requires reversal for a new trial. Moser v. State, 91 Nev. 809, 814, 544 P.2d 424, 428 (1975) (GUNDERSON, C. J., concurring).

The judgments of conviction are affirmed.

GUNDERSON, C. J., and BATJER and MANOUKIAN, JJ., and YOUNG, D. J.,[2] concur.

---

[1][DEFENSE COUNSEL]:   The [Prosecutor] can't help you, please remember. It's out of your own memory.

PROSECUTOR:   Your Honor, if Defense Counsel makes that statement again, he won't be standing up there.

PROSECUTOR:   That's baloney, and even Defense Counsel knows that, or should.

[DEFENSE COUNSEL]:   Your Honor, I move to strike that comment about me. I'm not part of this lawsuit.

PROSECUTOR:   I wish you weren't, but you are.

PROSECUTOR:   Mr. Talancon, I submit to you, ladies and gentlemen, is a congenital liar.

PROSECUTOR:   He doesn't work, he sells dope.

PROSECUTOR:   [M]aybe even a half-assed criminal lawyer can make it seem like that individual doesn't know what he's talking about.

[DEFENSE COUNSEL]:   There is also no evidence that I made any witness do anything unethical or unprofessional. . . .

PROSECUTOR:   No. No, Mr. (Defense Counsel). I don't even give you credit for that.

PROSECUTOR:   That was the most scandalous, scurrilous attack, I feel, on anybody on that young woman . . . . What type of lawyer would make that kind of scurrilous attack on somebody and not be able to prove it?

[2]The Governor commissioned The Honorable Llewellyn A. Young, District Judge, to sit in this case in place of JUSTICE GORDON THOMPSON. Nev. Const. art. 6, § 19; SCR 10.