ERNESTO M. VIDAL, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 18530

March 9, 1989        769 P.2d 1292

*Mark B. Bailus*, Las Vegas, for Appellant.

---

[2]The Honorable John F. Mendoza, Judge of the Eighth Judicial District, was designated by the Governor to sit in the place of THE HONORABLE CLIFF YOUNG, Chief Justice, who voluntarily recused himself. Nev. Const., art. 6, § 4.

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland* and *Thomas Leen,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted appellant Ernesto M. Vidal of (1) possession of a controlled substance with intent to sell and (2) trafficking in a controlled substance. *See* NRS 453.337; NRS 453.3385. Vidal seeks reversal of his convictions upon numerous grounds. For reasons hereinafter stated, we reverse the conviction for possession of a controlled substance with intent to sell and affirm the conviction for trafficking in a controlled substance.

An informant told Officer Winslow and Sergeant Meadow of the Las Vegas Metropolitan Police Department that he could phone an order for heroin to a drug dealer, and within minutes the dealer would deliver the heroin. The informant took the police to Apartment 4, 1517 Cobb Street, Las Vegas and pointed out a blue pickup truck that he said was used to deliver heroin. The pickup was registered to appellant Ernesto Vidal, and the registration listed Vidal's address as 1517 Cobb Street, Las Vegas. The police subsequently set up a surveillance of the apartment and saw Vidal and two other men arrive in Vidal's blue pickup. Vidal used his own key to open the door and the three went inside.

Shortly after the three entered the apartment the informant placed a telephone call to the apartment to order heroin. Minutes after the informant made his call, Paul Tabares left the apartment.[1] Sergeant Meadow stopped Tabares and told him to raise his hands. As Tabares complied, he dropped a small tin foil packet. Sergeant Meadow handcuffed Tabares, opened the packet, and discovered that it contained what appeared to be heroin. It was subsequently determined that the packet contained .31 grams of heroin.

Sergeant Meadow ordered the other officers to enter the apartment to prevent the destruction of evidence. Sergeant Meadow then advised Tabares of his *Miranda* rights. Tabares told Sergeant

---

[1]The phone company's records showed that Vidal and Tabares had jointly applied for the phone.

Meadow that he and Vidal lived in the apartment. Tabares consented to a search of the apartment, and signed a consent form. The police entered the apartment and detained three people in the living room. The subsequent search revealed three scales, aluminum foil, plastic wrap, a twelve gauge shotgun, approximately $4,500 in cash, and 34.21 grams of heroin. The police found 8.56 grams of heroin in a jacket in the northwest bedroom, and 24.92 grams upon the person of David Quintero, one of the three people detained in the living room. The police discovered Vidal hiding in a closet of the northeast bedroom. The police found $700.00 upon the person of Vidal, and .42 grams of heroin in a pair of pants in the closet of the northeast bedroom where Vidal was hiding. Vidal was charged by way of information with possession of a controlled substance with intent to sell and trafficking in a controlled substance (9.29 grams). A jury found Vidal guilty on both counts, and the district court sentenced Vidal to seven years for possession of a controlled substance with intent to sell and ten years for trafficking in a controlled substance, the sentences to run concurrently. The district court also imposed a $50,000 fine for the trafficking offense. This appeal followed.

Vidal contends that his convictions violate the double jeopardy clause of the Fifth Amendment of the United States Constitution. Specifically, Vidal contends that unlawful possession of a controlled substance with intent to sell (NRS 453.337) is a lesser included offense of trafficking in a controlled substance (NRS 453.3385).[2]

We need not reach this constitutional issue. Although not addressed by the parties, the legislature has mandated that a defendant cannot be punished for possession with intent to sell when a greater penalty is provided for in, inter alia, a trafficking conviction. See NRS 453.337(2).[3] Because this was Vidal's first

---

[2]NRS 453.3385 provides, in relevant part, that:

Except as authorized by the provisions of NRS 453.011 to 453.552, inclusive, any person who knowingly or intentionally sells, manufactures, delivers or brings into this state or who is knowingly or intentionally in actual or constructive possession of any controlled substance which is listed in schedule I, except marihuana, or any mixture which contains any such controlled substance shall be punished, if the quantity involved:

1. Is 4 grams or more, but less than 14 grams, by imprisonment in the state prison for not less than 3 years nor more than 20 years and by a fine of not less than $50,000.

[3]NRS 453.337 provides, in relevant part, that:

2. *Unless a greater penalty is provided in NRS 453.3385*, 453.339 or 453.3395, any person who violates this section shall be punished:

(a) For the first offense, by imprisonment in the state prison for not less than 1 year nor more than 15 years and may be further punished by a fine of not more than $5,000. (Emphasis added.)

offense, NRS 453.337 prescribed a sentence of 1 to 15 years and a $5,000 fine. Under NRS 453.3385, Vidal faced a penalty of 3 to 20 years and a $50,000 fine. Clearly, Vidal cannot be sentenced under NRS 453.337 because NRS 453.3385 provides a greater penalty. It is a canon of statutory interpretation that statutes should be construed in a manner that avoids unreasonable results, and it is unreasonable to say that the legislature intended that a defendant could be convicted of a crime for which he could not be sentenced.[4]

Vidal's other contentions have been carefully examined and found to be without merit. Accordingly, the conviction for possession of a controlled substance with intent to sell is hereby reversed. The conviction for trafficking in a controlled substance is hereby affirmed.

---

[4]Although we hold that a defendant cannot be *convicted* of both possession of a controlled substance with intent to sell and trafficking in a controlled substance under these circumstances, we also hold that it is not improper for the prosecutor to *charge* both offenses. In such case, however, the district court judge must instruct the jury that the defendant may only be found guilty of one of the alternative offenses.