MICHAEL RAY McINTOSH, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 24390

January 30, 1997                                    932 P.2d 1072

*Michael R. Specchio,* Public Defender and *Janet Cobb Schmuck,* Deputy Public Defender, Washoe County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

# OPINION

*Per Curiam:*

On December 11, 1991, Michael Ray McIntosh was charged with one count each of possession of a controlled substance, in violation of NRS 453.336, and being under the influence of a controlled substance, in violation of NRS 453.411. McIntosh was eventually convicted of both counts and sentenced to concurrent terms of three years in the Nevada State Prison.

The facts underlying this appeal are not in dispute. On November 15, 1991, McIntosh and Frank Scarpa, a confidential informant, were at McIntosh's home/office with another man by the name of Kevin Orman. According to Scarpa, Orman produced an unknown amount of methamphetamine for immediate consumption. The evidence indicates Orman placed the methamphetamine on a strip of tin foil, which he then ignited in order to inhale its smoke. The evidence also indicates McIntosh only possessed the tin foil and methamphetamine when it was his turn to inhale the smoke. McIntosh did not have physical or constructive possession of any controlled substance at any other relevant time. Law enforcement officers entered the premises shortly thereafter and arrested McIntosh. At the time of his arrest, McIntosh demonstrated symptoms consistent with a central nervous system stimulant: watery and dilated eyes, restlessness, agitation, and nervousness. A subsequent urinalysis revealed the presence of methamphetamine in McIntosh's body.

During trial the district court admitted evidence that McIntosh owned a 45-caliber automatic pistol, which he normally kept in a holster near his bed. Scarpa further testified he feared the pistol was a danger to law enforcement officers.

Although McIntosh's appellate counsel filed an affidavit of no merit, and failed to brief the salient issues on appeal, we conclude McIntosh's conviction for possessing a controlled substance must be reversed because it violates the Double Jeopardy Clauses of the United States and Nevada Constitutions. Nevada has long followed the double jeopardy test set forth in Blockburger v. United States, 284 U.S. 299 (1932), in which the Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* In Givens v. State, 99 Nev. 50, 56, 657 P.2d 97, 101 (1983), we held that under *Blockburger* it will always be impermissible for a defendant to be convicted of both a greater and lesser included offense.

The general test for determining the existence of a lesser included offense is whether the offense in question "cannot be committed without committing the lesser offense." Lisby v. State, 82 Nev. 183, 187, 414 P.2d 592, 594 (1966); *see also* Walker v. State, 110 Nev. 571, 574, 876 P.2d 646, 648 (1994). However, we have also held that the *Lisby* test should not always be applied in a strict manner; instead, it is permissible to look at the facts of a particular case to determine if one crime is a lesser included offense of another crime. *See, e.g.,* Owens v. State, 100 Nev. 286, 288, 680 P.2d 593, 595 (1984).

Turning to the particular facts of this case, we find ample support for our conclusion that the concomitant acts of handling a controlled substance while using the substance provide the predicate facts for only one crime. In Fairman v. State, 83 Nev. 137, 425 P.2d 342 (1967), the appellant was convicted of both possessing and selling a controlled substance. We reversed the conviction and affirmed the rule established in State v. Carter, 79 Nev. 146, 379 P.2d 945 (1963):

> [M]ore than one conviction of the offense charged and of those necessarily included within the offense charged, is precluded. . . . Possession of the marijuana is a necessarily included offense when incident to the sale as shown by the facts of this case and only one conviction can be had for either the sale or possession, but not both. Conviction for the sale would bar further prosecution for possession.

*Fairman,* 83 Nev. at 142-43, 425 P.2d at 345. *See also* Love v. State, 111 Nev. 545, 546, 893 P.2d 376, 377 (1995) (noting that possession of a controlled substance pursuant to NRS 453.336 is a lesser included offense of trafficking in a controlled substance pursuant to NRS 453.3385).

McIntosh only possessed the amount of controlled substance he consumed; therefore, the crime of possession merged with the crime of being under the influence of a controlled substance. *Cf.* Talancon v. State, 97 Nev. 12, 14, 621 P.2d 1111, 1112 (1981). While a person can possess a controlled substance without being under the influence, there is no practical way a person under the influence did not possess the very substance causing his condition. Because McIntosh did not possess any controlled substance which he did not immediately consume, his conviction for possessing a controlled substance must be reversed. Otherwise, every unlawful use of a controlled substance would be accompa-

nied by the separate crime of unlawful possession. We doubt the legislature intended this result when it enacted NRS Chapter 453. *See* Vidal v. State, 105 Nev. 98, 101, 769 P.2d 1292, 1294 (1989) (requiring statutes to be construed in a manner that avoids unreasonable results).

McIntosh contends the evidence about his handgun was irrelevant and prejudicial because it is unrelated to whether he possessed a controlled substance or was under the influence of a controlled substance. In contrast, the State cites United States v. Payne, 805 F.2d 1062, 1065-66 (D.C. Cir. 1986), to argue the evidence of McIntosh's gun is relevant because weapons are often "tools of the [drug] trade." The State's reliance on *Payne* and the cases cited therein is misplaced. McIntosh was not charged with trafficking in a controlled substance; he was merely charged with possessing and being under the influence of a controlled substance. The fact McIntosh owned a gun and kept it in his bedroom is of doubtful relevance to the charged crimes.

■■■■■

Although it appears that the district court may have abused its discretion in admitting this evidence, the admission of Scarpa's testimony was harmless. NRS 178.598 provides that any error which does not affect the defendant's substantial rights shall be disregarded. We have held on numerous occasions that errors may be harmless when the "evidence of guilt is overwhelming." *See, e.g.,* Kelly v. State, 108 Nev. 545, 552, 837 P.2d 416, 420 (1992).

There is overwhelming evidence that McIntosh unlawfully used a controlled substance on the night in question. Not only was Scarpa's testimony largely uncontroverted, evidence adduced at trial demonstrated that McIntosh was under the influence of a controlled substance at the time he was arrested. Even if the district court erred in admitting the handgun evidence, such error was harmless.

For the reasons discussed above, we reverse the judgment of conviction for possession of a controlled substance. We affirm the conviction for being under the influence of a controlled substance.[1]

---

[1]THE HONORABLE A. WILLIAM MAUPIN, Justice, did not participate in the decision of this appeal.