OPINION
 

 Per Curiam:
 

 Respondent Combs has filed a motion to dismiss this appeal, arguing that the appeal is moot because retrial is barred by the proscription against double jeopardy.
 
 [1]
 
 Appellant opposes the motion. For the reasons stated below, we grant respondent’s motion and dismiss this appeal.
 

 
 *1180
 
 Respondent was charged with four counts of sexual assault on a child under the age of 16 years. Specifically, respondent was charged with sexually assaulting a nine-year-old girl. Although the wording of each of the four counts was identical, the State’s theory was that there were two incidents of penile penetration (Counts I and II), one incident of cunnilingus (Count III), and one incident of digital penetration (Count IV).
 

 Respondent was bound over for trial and a jury trial commenced. Following presentation of the State’s case-in-chief, respondent moved to dismiss all counts against respondent, arguing that the State had not proved its case beyond a reasonable doubt. The State conceded that no evidence of digital penetration had been presented, and stipulated to a dismissal of Count IV. The State, however, opposed the dismissal of the remaining three charges. The district court found that the State had presented insufficient evidence of Count III and dismissed that count.
 
 [2]
 
 The State filed a timely appeal from the district court’s order.
 
 [3]
 

 As an initial matter, we note that respondent’s motion to dismiss the charges at the close of the State’s case-in-chief was not properly made, and should not have been granted by the district judge. Instead, respondent should have moved for an advisory instruction to acquit pursuant to NRS 175.381(1).
 
 [4]
 

 See
 
 State v. Wilson, 104 Nev. 405, 407, 760 P.2d 129, 130 (1988) (“it was error for the trial court to take the case from the jury by dismissing the action at the close of the prosecution’s case in lieu of giving the jury an advisory instruction to acquit because of insufficient evidence”). Alternatively, the district court could have entered a judgment of acquittal, if the jury found appellant guilty of Count III.
 
 See
 
 NRS 175.381(2).
 
 [5]
 

 
 *1181
 
 Despite the obvious error of the district court in granting respondent’s motion to dismiss Count III of the information, respondent may not now be retried on Count III. “A judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal.’ ’ United States v. Scott, 437 U.S. 82, 91 (1978).
 

 It is a violation of the Double Jeopardy Clause “[t]o permit a second trial after an acquittal,
 
 however mistaken the acquittal may have been!’ Id.
 
 (Emphasis added.) Based on the foregoing, we have no choice but to grant respondent’s motion to dismiss this appeal, regardless of our view of the district court’s actions or the State’s argument as to the merits of this appeal. Accordingly, we grant respondent’s motion and dismiss this appeal.
 

 [1]
 

 The Double Jeopardy Clause of the United States Constitution provides that no person shall be “subject for the same offense to be twice put in jeopardy of life or limb.” U.S. Const. amend. V. This protection applies to the states through the Fourteenth Amendment and Benton v. Maryland, 395 U.S. 784, 794 (1969), and has been incorporated into the Nevada Constitution at article 1, section 8.
 

 [2]
 

 The district court denied the motion to dismiss as to Counts I and II.
 

 [3]
 

 The district court orally ruled on the motion to dismiss on November 16, 1999. At the time of the oral ruling, the district court said only that insufficient evidence had been presented to support the charge of cunnilingus. The district court entered the written order granting the motion to dismiss Counts III and IV on April 27, 2000. In the written order, the district court further concluded that the information charging respondent lacked specificity, although this issue was not raised by the respondent as a basis for the motion to dismiss below, and there was no discussion of this issue when the district court ruled on the motion.
 

 [4]
 

 NRS 175.381(1) provides: “If, at any time after the evidence on either side is closed, the court deems the evidence insufficient to warrant a conviction, it may advise the jury to acquit the defendant, but the jury is not bound by such advice.”
 

 [5]
 

 NRS 175.381(2) provides: “The court may, on a motion of a defendant or on its own motion, which is made after the jury returns a verdict of guilty, set aside the verdict and enter a judgment of acquittal if the evidence is insufficient to sustain a conviction.”