An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

NICHOLAS JAMES WILLING,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61421

FILED

MAY 1 4 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of three counts each of first-degree kidnapping with the use of a deadly weapon and assault with a deadly weapon, and one count each of burglary with the use of a deadly weapon, robbery with the use of a deadly weapon, grand larceny with the use of a deadly weapon, grand larceny of a firearm with the use of a deadly weapon, battery with the intent to commit grand larceny, and conspiracy to commit robbery. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

First, appellant Nicholas Willing argues that the evidence was insufficient to support the verdict because the only evidence tying him to the crimes was the incredible testimony of his accomplices. We disagree and conclude that the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Wilkins v. State*, 96 Nev. 367, 374, 609 P.2d 309, 313 (1980). The jury heard testimony that Jamie Sexton, Dylan Spellman, and two others entered Robert Jones' home. One suspect attacked Jones and bound his wrists while the others held his wife and daughter at gunpoint. The suspects made the family open several safes and then

forced them into a closet and left. At trial, Willing conceded that all of the charged crimes occurred but denied any involvement in them; however, Sexton and Spellman testified that Willing recruited them and provided all of the necessary details to commit the crimes, including the layout of the home, the location of the victims' safes, and how to avoid being discovered. Willing does not contend that the accomplice testimony was erroneously admitted and "it is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses." *Nolan v. State*, 122 Nev. 363, 377, 132 P.3d 564, 573 (2006) (internal quotation marks omitted). Although not overwhelming, the evidence was sufficient to support the verdict. *See* NRS 193.165; NRS 195.020; NRS 199.480(1)(a); NRS 200.310(1); NRS 200.380(1); NRS 200.400(1); NRS 200.471(1)(a); NRS 205.060(1); NRS 205.220(1)(a); NRS 205.226(1); *Stephans v. State*, 127 Nev. ___, ___, 262 P.3d 727, 734 (2011) (considering all evidence, even if erroneously admitted, when evaluating the sufficiency of the evidence).

Second, Willing argues that the district court abused its discretion by granting the State's pretrial motion in limine prohibiting the defense from suggesting that Jones was involved in improper and potentially criminal activities. Willing asserts that prohibiting the evidence he wished to elicit–that Jones was allegedly stealing from the county–violated his right to confront his accusers and probe for bias. The district court noted that Jones' allegedly improper actions were irrelevant because Jones' version of events was not contested, yet allowed the defense to inquire into Jones' activities to the extent that they were relevant to his credibility or bias and were related to his testimony. *See* NRS 48.015 (defining relevant evidence); NRS 48.025(2) (excluding irrelevant

evidence); NRS 48.045(2) (limiting admission of other crimes, wrongs, or acts). Having considered the record, we conclude that the district court did not abuse its discretion. *See Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) ("[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination."); *see also Lobato v. State*, 120 Nev. 512, 520, 96 P.3d 765, 771 (2004) (a district court may limit "inquiries which are repetitive, irrelevant, vague, speculative, or designed merely to harass, annoy or humiliate the witness" (internal quotation marks omitted)).[1]

Third, Willing argues that the district court abused its discretion by denying his pretrial motion to exclude Spellman's recorded statement to law enforcement because it contained references to prior bad acts and was not timely disclosed. Willing did not include a transcript of Spellman's entire statement, and our review of the limited record provided does not reveal anything that could reasonably be construed as a prior bad act. *See generally* NRS 48.045(2); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). Although the district court noted that the statement should have been disclosed sooner, it concluded that the State did not act in bad faith and that Willing failed to demonstrate he was prejudiced by

---

[1]Willing also argues that the State's pretrial motion should have been denied because it used an "absurd" analogy which characterized the defense's attempt to bring up information regarding Jones' allegedly improper conduct as raising a "Chewbacca defense"–the modern day equivalent of accusing the defense of raising a red herring. We decline to consider this claim because Willing failed to support it by relevant authority or cogent argument. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

the "tardy" disclosure of the statement. *See* NRS 174.295(2); *Evans v. State*, 117 Nev. 609, 638, 28 P.3d 498, 518 (2001). The record supports these determinations, and we conclude that the district court did not abuse its discretion by denying Willing's motion.

Fourth, Willing argues that the district court abused its discretion by not granting his pretrial motion for a continuance to evaluate Spellman's statement. The district court concluded that Willing had ample time to investigate claims made in the statement and that he failed to demonstrate he would be prejudiced by the denial of the continuance. *See Rose v. State*, 123 Nev. 194, 206, 163 P.3d 408, 416 (2007). The record supports these determinations, and we conclude that the district court did not abuse its discretion by denying Willing's motion.

Fifth, Willing argues that the district court abused its discretion by denying his motion for a judgment of acquittal on the charges of kidnapping made after the close of the State's case. This claim lacks merit because the district court lacks authority to dismiss a charge or enter a judgment of acquittal during trial. NRS 175.381; *State v. Combs*, 116 Nev. 1178, 1180, 14 P.3d 520, 521 (2000).

Sixth, Willing argues that the district court abused its discretion by denying his post-verdict motion for a judgment of acquittal on the charges of kidnapping and motion for a new trial because the jury found him guilty of both kidnapping and false imprisonment despite being instructed that they were alternative charges. Because the district court properly concluded that the lesser-included offense of false imprisonment merged into the greater offense of kidnapping and dismissed the lesser count, we conclude that the district court did not abuse its discretion by denying Willing's motions. *See Owens v. State*, 100 Nev. 286, 289, 680

P.2d 593, 595 (1984) (noting that the remedy when a defendant is found guilty of both a greater and a lesser-included offense is reversal of the lesser-included offense), *overruled on other grounds by Barton v. State*, 117 Nev. 686, 30 P.3d 1103 (2001), *overruled on other grounds by Rosas v. State*, 122 Nev. 1258, 147 P.3d 1101 (2006).

Seventh, Willing argues that the district court abused its discretion by denying his post-verdict motion for a judgment of acquittal on the charges of kidnapping and his motion for a new trial because the evidence was insufficient to establish that the kidnappings were not incidental to the robbery. This claim lacks merit because sufficient evidence supports the jury's verdict, NRS 175.381, and "a district court lacks authority to grant a new trial based on insufficiency of the evidence," *Evans v. State*, 112 Nev. 1172, 1193, 926 P.2d 265, 279 (1996).

Eighth, Willing argues that cumulative error deprived him of a fair trial and warrants reversal of his convictions. Having considered the appropriate factors, we conclude that relief is not warranted. *See Mulder v. State*, 116 Nev. 1, 17. 992 P.2d 845, 854-55) (2000) (discussing relevant factors to consider in evaluating a claim of cumulative error).

Having considered Willing's contentions and concluded that he is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

 

cc:    Hon. Robert W. Lane, District Judge
       Donald J. Green
       Nye County District Attorney
       Attorney General/Carson City
       Nye County Clerk