An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PETITION OF BLENKA (MICHAEL)

No. 61294

THE STATE OF NEVADA,
Appellant,
vs.
MICHAEL ALLEN BLENKA,
Respondent.

**FILED**

MAY 30 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Malone_
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a petition for a writ of mandamus, resulting in the dismissal of a felony complaint. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

Respondent Michael Blenka was arrested on suspicion of driving under the influence. Because of his previous felony DUI conviction, the Clark County District Attorney's office (CCDA) charged Blenka with a felony DUI in Clark County Justice Court and then the Las Vegas City Attorney's office (LVCA) charged Blenka with a misdemeanor DUI in Las Vegas Municipal Court. The CCDA and LVCA failed to communicate regarding the dual prosecutions. Pursuant to negotiations with the LVCA, Blenka pleaded guilty to the misdemeanor DUI charge and was sentenced in the municipal court. Blenka later appeared at a preliminary hearing in justice court and moved to dismiss his felony count on double jeopardy grounds. The justice court denied the motion and Blenka filed a petition for writ of mandamus in district court. The district court granted the petition and ordered the justice court to dismiss the felony complaint because continued prosecution would violate the Double

SUPREME COURT
OF
NEVADA

(O) 1947A

13-15963

Jeopardy Clause. The State now appeals, arguing that the district court erred in concluding that double jeopardy barred the State's prosecution of the felony because: (1) double jeopardy does not bar subsequent prosecution when the court lacks jurisdiction to hear all the charges; and (2) Blenka cannot avoid prosecution for a felony DUI by pleading guilty to a misdemeanor DUI.

*The double jeopardy clause does not permit Blenka's continued prosecution for a felony DUI after pleading guilty to misdemeanor DUI arising from the same set of facts as the felony charge*

The parties do not dispute that misdemeanor DUI is a lesser included offense of felony DUI for double jeopardy purposes. The felony DUI offense in question cannot be committed without committing the lesser offense of misdemeanor DUI. NRS 484C.110 establishes the elements that give rise to a DUI offense. The only difference between misdemeanor DUI and felony DUI lies in the criminal penalties and punishments under NRS 484C.400 and NRS 484C.410. The only additional element for Blenka's felony DUI charge is the presence of a prior felony DUI conviction. Blenka argues that the Double Jeopardy Clause prohibits continued prosecution of his felony DUI offense. The State argues that an exception applies to the Double Jeopardy Clause. We disagree with the State and affirm the district court's order.

We review constitutional challenges de novo, including double jeopardy claims. *See Jackson v. State*, 128 Nev. ___, ___, 291 P.3d 1274, 1277 (2012); *Davidson v. State,* 124 Nev. 892, 896, 192 P.3d 1185, 1189 (2008) ("A claim that a conviction violates the Double Jeopardy Clause generally is subject to de novo review on appeal."). The Double Jeopardy Clause of the Fifth Amendment guarantees that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb."

U.S. Const. amend. V. This protection applies to the states through the Fourteenth Amendment of the United States Constitution and Article 1, Section 8, of the Nevada State Constitution. *See State v. Combs*, 116 Nev. 1178, 1179 n.1, 14 P.3d 520, 520-21 n.1 (2000). The Nevada Legislature codified the Double Jeopardy Clause in NRS 171.070, which states "[w]hen an act charged as a public offense is within the jurisdiction of another state or territory, *as well as of this state,* a conviction or acquittal thereof in the former is a bar to the prosecution or indictment therefore in this state." (Emphasis added). "The Double Jeopardy Clause protects against three abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *Jackson*, 128 Nev. at ___, 291 P.3d at 1278. This case involves the third abuse, multiple punishments for the same offense.

Nevada follows the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), to determine whether a defendant may be subjected to multiple convictions for the same act or transaction. *See Estes v. State*, 122 Nev. 1123, 1143, 146 P.3d 1114, 1127 (2006). "Under this test, two offenses are separate if each offense requires proof of a fact that the other does not." *Id.* "The general test for determining the existence of a lesser included offense is whether the offense in question 'cannot be committed without committing the lesser offense.'" *McIntosh v. State*, 113 Nev. 224, 226, 932 P.2d 1072, 1073 (1997) (quoting *Lisby v. State*, 82 Nev. 183, 184, 414 P.2d 592, 594 (1966)).

*The jurisdictional exception to the double jeopardy clause does not permit the continued prosecution of Blenka*

The State argues that the jurisdictional exception to the Double Jeopardy Clause applies to these facts and does not bar Blenka's subsequent prosecution of the felony DUI offense because the municipal court lacked jurisdiction over this felony offense. We disagree.

The prosecution of a greater offense is prohibited after a conviction for a lesser offense. *See Ohio v. Johnson*, 467 U.S. 493, 501 (1984) ("[T]he Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been tried and acquitted or convicted on the lesser included offense."); *Illinois v. Vitale*, 447 U.S. 410, 421 (1980) ("[A] conviction on a lesser-included offense bars subsequent trial on the greater offense."); *Brown v. Ohio*, 432 U.S. 161, 169 (1977) ("Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense."). Additionally, political subdivisions of a state are not separate sovereigns for double jeopardy purposes. *Waller v. Florida*, 397 U.S. 387, 394-95 (1970).

The State relies on *Diaz v. United States*, 223 U.S. 442 (1912), to support its argument that a jurisdictional exception applies to these facts. We conclude that *Diaz* is distinguishable from this case. In *Diaz*, the Philippine justice court only had jurisdiction to hear and convict the defendant of assault and battery, but had no power to hear a homicide charge, which was imposed after the first prosecution when the victim died. 223 U.S. at 444. The Court held that the Philippine Civil Government Act provisions against double jeopardy did not apply for multiple reasons: (1) the offenses were distinct both in law and fact, (2) it was only possible to put the accused in jeopardy for homicide once the

homicide was committed (after the victim died), and (3) the justice of the peace did not have jurisdiction to try the defendant for homicide. *Id.* at 448-49.

The municipal court had the full power and authority to sentence Blenka on the misdemeanor charge of DUI. Applying the *Blockburger* test, Blenka was not charged with two distinct offenses. *See Estes*, 122 Nev. at 1143, 146 P.3d at 1127. Both the LVCA and CCDA agree that the facts giving rise to the misdemeanor DUI and felony DUI arose from the same incident. The only difference in the charges is that CCDA sought a punishment enhancement for felony DUI because Blenka had a prior felony DUI conviction on his record. Unlike the homicide charge in *Diaz*, the felony DUI charge was already pending in justice court when the LVCA negotiated Blenka's plea in municipal court. Given that the municipal court had jurisdiction to hear the only charge alleged against Blenka in that court, and Blenka's misdemeanor DUI and felony DUI were not separate offenses under the *Blockburger* test, the jurisdictional exception discussed in *Diaz* does not apply here.

Because the justice court and municipal courts are not separate sovereigns for double jeopardy purposes, the justice court and municipal court may not both punish Blenka since they derive their authority from the State of Nevada. *See Waller*, 397 U.S. at 394-95. We conclude that because the misdemeanor DUI is a lesser included offense to felony DUI, the municipal court's adjudication of the misdemeanor offense pursuant to the LVCA negotiated plea precludes the State from continuing to pursue felony DUI charges against Blenka. *See State v. Witcher*, 737 So. 2d 584, 586 (Fla. Dist. Ct. App. 1999) (holding that simple DUI is a continuing offense for which only one conviction can be maintained for

each episode regardless of whether a county court lacked jurisdiction over felony DUI when it accepted the defendant's plea to misdemeanor DUI); *State v. Bernert*, 100 P.3d 221, 224 (Utah Ct. App. 2004) (holding that the trial court's acceptance of a defendant's plea to the charge of misdemeanor DUI and subsequent conviction of the defendant on a felony DUI charge arising out of the same conduct violated the prohibition against double jeopardy).

*The State overreached with its continued prosecution of Blenka*

The State argues that pursuant to *Ohio v. Johnson*, 467 U.S. 493, 501-02 (1984), Blenka cannot foreclose his prosecution for a more serious crime by pleading guilty to a lesser offense. The State also argues that Blenka is the primary cause of his continued prosecution because he was the only one aware of both prosecutions and should have informed the municipal court of the pending felony DUI. We disagree.

First, the *Johnson* case is distinguishable. Unlike the defendant in *Johnson*, Blenka did not plead guilty over the State's objections. *See* 467 U.S. at 496 (after the defendant was arraigned on four charges—one count of each murder, involuntary manslaughter, aggravated robbery, and grand theft—the trial court accepted the defendant's guilty pleas, over the state's objections, to the two lesser charges). Instead, Blenka was incarcerated seven days in jail after police arrested him pursuant to a bench warrant for failing to appear at the municipal court arraignment. He was held on a $20,000 bail, transported from jail to municipal court, and then faced the LVCA's prosecution on the misdemeanor charge. Blenka then pleaded, with the cooperation of the LVCA, to a reduced charge of misdemeanor DUI. Additionally, unlike *Johnson*, Blenka did not attempt to resolve only part of the charges against him in the municipal court. *But see id.* at 501-02 (holding the

Supreme Court
of
Nevada

(O) 1947A

6

*Johnson* defendant could not resolve only part of the charges against him where "efforts were directed to separate disposition of counts in the same indictment where no more than one trial of the offenses charged was ever contemplated"). The record does not indicate that Blenka's two attorneys conversed on this case. Therefore, the State's use of *Johnson* to support its argument is unavailing.

Second, the State improperly attempts to shift the burden to Blenka, who was under no legal obligation to speak up in municipal court. *See Rosas v. State*, 122 Nev. 1258, 1265-66, 147 P.3d 1101, 1106-07 (2006) (holding that a defendant is not required to present a defense, or evidence consistent with such defense, or to admit culpability for a lesser included offense in order to obtain an instruction on a lesser included offense). The Sixth Amendment requires the government to inform Blenka of the nature and cause of the accusation against him, not the other way around. *See* U.S. Const. amend IV (indicating that the defendant must "be informed of the nature and cause of the accusation"). The LVCA and CCDA were the ones with the resources and power in this situation, including the position to know of Blenka's concurrent charges. *See Green v. United States*, 355 U.S. 184, 187 (1957) ("The underlying idea . . . is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity . . . ."). We conclude that it would be an unreasonable burden to expect Blenka (a layman) to know that his cases needed to be consolidated, even though attorneys from two governmental entities were proceeding with a course of action that violated the Double Jeopardy Clause. The record does not indicate that

the attorney representing Blenka in municipal court knew of his pending felony case in justice court. Therefore, Blenka was under no obligation to inform the municipal court of his pending felony DUI charge.

We conclude that Blenka did not frustrate the State's efforts to hold a single trial for the two DUI charges because the actions of the LVCA and CCDA, not those of Blenka, led to his dual prosecutions. The record indicates that the LVCA has access to the CCDA's case management system. As indicated by the declaration of Assistant City Attorney Bernard Little, the LVCA's choice to prosecute the misdemeanor DUI was a tactical decision made without awareness that the CCDA had approved a felony DUI charge. Because Blenka was already convicted of misdemeanor DUI, the Double Jeopardy Clause bars the State from further prosecuting him for felony DUI.[1]

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[1]We have considered the State's remaining arguments and conclude they are without merit.

cc:    Hon. Abbi Silver, District Judge
Clark County District Attorney
Attorney General/Carson City
Clark County Public Defender
Eighth District Court Clerk