An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GENE GERALD VANWINKLE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59054

**FILED**

OCT 21 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER DISMISSING APPEAL*

This is an appeal from a district court order denying a presentence motion in arrest of judgment, to set aside the verdict and/or for a new trial. Ninth Judicial District Court, Douglas County; Michael P. Gibbons, Judge.

Because we held in *State v. Lewis*, 124 Nev. 132, 136, 178 P.3d 146, 148 (2008), that NRS 177.015(1)(b) only permits appeals from district court orders "resolving *post-conviction* motions for a new trial," we ordered appellant Gene Gerald Vanwinkle to show cause why this appeal should not be dismissed for lack of jurisdiction. In response, Vanwinkle argues that *Lewis* is inconsistent with the plain language of NRS 177.015(1)(b) and with this court's prior decisions in *Allgood v. State*, 78 Nev. 326, 328, 372 P.2d 466, 467 (1962) (observing that an earlier statute using the same language as NRS 177.015(1)(b) authorized a pre-judgment appeal), and *Fairman v. State*, 83 Nev. 137, 138, 425 P.2d 342, 343 (1967) (resolving an appeal from a pre-judgment order denying a motion for new trial), *abrogated on other grounds by Bigpond v. State*, 128 Nev. ___, 270 P.3d 1244 (2012).

13-31521

The holding in *Lewis* that NRS 177.015(1)(b) does not apply to intermediate orders that can be reviewed on appeal from the final judgment, 124 Nev. at 136, 178 P.3d 148, is not inconsistent with the plain language of NRS 177.015(1)(b).[1] Although the plain language of NRS 177.015(1)(b) does not limit the right to appeal based on when the motion for new trial was filed or when the order resolving it was entered, NRS 177.045 permits a party to challenge an intermediate order on appeal from the judgment of conviction. *Lewis* harmonizes both of these appeal provisions and avoids double appeals from pre-judgment orders that may be challenged on appeal from the judgment of conviction. *See Washington v. State*, 117 Nev. 735, 739, 30 P.3d 1134, 1136 (2001) ("Statutes within a scheme and provisions within a statute must be interpreted harmoniously with one another in accordance with the general purpose of those statutes and should not be read to produce unreasonable or absurd results."). And *Lewis* does not conflict with either *Allgood* or *Fairman*. In *Allgood*, this court identified appeals from orders granting or refusing a new trial, as allowed under an earlier statute using the same language as NRS 177.015(1)(b), as some of the few "appeals authorized before pronouncement of a final judgment." 78 Nev. at 328, 372 P.2d at 467. But *Allgood* did not involve such an appeal and the observation was not a holding. In *Fairman*, this court resolved on the merits an appeal from a prejudgment order denying a motion for new trial, 83 Nev. 138, 425 P.2d at 343, but in so doing this court did not address its jurisdiction or interpret the appeal statute.

---

[1]This court may need to revisit *Lewis* as it pertains to the appealability of orders *granting* prejudgment motions for a new trial, but that issue is not currently before this court.

Because no statute or court rule authorizes an appeal from an order denying a motion in arrest of judgment or to set aside the verdict, *see Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990), and because an order denying a pre-judgment motion for a new trial is an intermediate order that can and should be reviewed on appeal from the judgment of conviction, *see* NRS 177.045, we lack jurisdiction to consider this appeal, and we

ORDER this appeal DISMISSED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Michael P. Gibbons, District Judge
Kristine L. Brown
Attorney General/Carson City
Douglas County District Attorney/Minden
Douglas County Clerk