**132 Nev., Advance Opinion 32**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JUSTIN PATRICK KELLEY, Appellant, vs. THE STATE OF NEVADA, Respondent. | No. 67777 **FILED** APR 28 2016 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Appeal from a judgment of conviction, pursuant to a guilty plea, of one count of felony eluding a police officer. Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

*Reversed.*

Frederick B. Lee, Jr., Public Defender, and Roger H. Stewart, Chief Deputy Public Defender, Elko County,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Mark D. Torvinen, District Attorney, and Jonathan L. Schulman, Deputy District Attorney, Elko County,
for Respondent.

BEFORE DOUGLAS, CHERRY and GIBBONS, JJ.

*OPINION*

By the Court, DOUGLAS, J.:

In this appeal, we are asked to determine whether the charge of misdemeanor reckless driving, NRS 484B.653(1)(a), is a lesser included

16-13319

offense of felony eluding a police officer, NRS 484B.550(3)(b). Because we conclude that reckless driving is a lesser included offense of felony eluding a police officer as charged in this case, we conclude that appellant may not be punished for both crimes.

## FACTS AND PROCEDURAL HISTORY

On February 8, 2014, appellant Justin Patrick Kelley drove an all-terrain vehicle (ATV) through the city of Wells in Elko County. A deputy sheriff noticed Kelley driving the vehicle without brake lights or turn signals. The deputy followed Kelley, who then drove on the left side of the road facing oncoming traffic. Soon after, the deputy activated his overhead lights and police siren. Kelley did not stop, and a chase ensued. After they drove through several streets, with Kelley surpassing the speed limit, the deputy finally stopped Kelley and arrested him. Kelley was charged with felony eluding a police officer, pursuant to NRS 484B.550(3)(b). Based on the same incident, Kelley was charged with reckless driving, pursuant to Wells City Code 8-11-1 (NRS 484B.653(1)(a)).

On November 14, 2014, Kelley pleaded no contest to misdemeanor reckless driving. Then, on December 2, 2014, Kelley moved to dismiss the charge of felony eluding a police officer on the basis of double jeopardy. Ultimately, the district court decided that misdemeanor reckless driving did not constitute a lesser included offense of felony eluding. On January 5, 2015, Kelley pleaded guilty to felony eluding. This appeal follows.

## DISCUSSION

Kelley argues that the district court erred in failing to dismiss his charge of felony eluding a police officer on the basis of double jeopardy.[1] According to Kelley, double jeopardy applies in this case because he was already convicted of a lesser included offense (misdemeanor reckless driving, pursuant to NRS 484B.653(1)(a)) and, thus, cannot be convicted of a greater offense (felony eluding, pursuant to NRS 484B.550(b)(3)). Kelley also argues that the plain language of the statutes pertaining to both offenses, NRS 484B.653 and NRS 484B.550, further demonstrates this relationship. We agree.

Generally, this court reviews a claim that a conviction violates the Double Jeopardy Clause de novo. *Davidson v. State*, 124 Nev. 892, 896, 192 P.3d 1185, 1189 (2008). De novo review applies to both the constitutional issues and statutory interpretation involved. *Jackson v. State*, 128 Nev., Adv. Op. 55, 291 P.3d 1274, 1277 (2012).

Under the Double Jeopardy Clause, a criminal defendant may not be punished multiple times for the same offense without clear authorization from the legislature. *LaChance v. State*, 130 Nev., Adv. Op. 29, 321 P.3d 919, 923 (2014) (citing *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)). In determining whether multiple convictions violate the Double Jeopardy Clause, this court applies the test in *Blockburger v. United States*, 284 U.S. 299 (1932). *See Estes v. State*, 122 Nev. 1123, 1143, 146

---

[1]Kelley did not include a copy of the plea agreement in his appendix, but both parties agree in their appellate briefs that the plea agreement reserved Kelley's right to a review of the district court's adverse decision on his motion to dismiss. *See* NRS 174.035(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

P.3d 1114, 1127 (2006). Pursuant to *Blockburger*, "two offenses are separate if each offense requires proof of a fact that the other does not." *Estes*, 122 Nev. at 1143, 146 P.3d at 1127. Thus, under *Blockburger*, "if the elements of one offense are entirely included within the elements of a second offense, the first offense is a lesser included offense and the Double Jeopardy Clause prohibits a conviction for both offenses." *Barton v. State*, 117 Nev. 686, 692, 30 P.3d 1103, 1107 (2001), *overruled on other grounds by Rosas v. State*, 122 Nev. 1258, 147 P.3d 1101 (2006). "The general test for determining the existence of a lesser included offense is whether the offense in question cannot be committed without committing the lesser offense." *McIntosh v. State*, 113 Nev. 224, 226, 932 P.2d 1072, 1073 (1997) (internal quotation omitted).

NRS 484B.653 governs the offense of reckless driving, while NRS 484B.550 governs the offense of felony eluding. In relevant part, NRS 484B.653 provides:

> 1. It is unlawful for a person to:
> (a) Drive a vehicle in willful or wanton disregard of the safety of persons or property.
>
> . . . .
>
> A violation of paragraph (a) . . . of this subsection or subsection 1 of NRS 484B.550 constitutes reckless driving.
>
> . . . .
>
> 3. A person who violates paragraph (a) of subsection 1 is guilty of a misdemeanor.

NRS 484B.653(1), (3). In relevant part, NRS 484B.550 provides:

> 1. Except as otherwise provided in this section, the driver of a motor vehicle who willfully fails or refuses to bring the vehicle to a stop, or who otherwise flees or attempts to elude a peace officer in a readily identifiable vehicle of any police

department or regulatory agency, when given a signal to bring the vehicle to a stop is guilty of a misdemeanor.

. . . .

3. Unless the provisions of NRS 484B.653 apply if, while violating the provisions of subsection 1, the driver of the motor vehicle:

(a) Is the proximate cause of damage to the property of any other person; or

(b) Operates the motor vehicle in a manner which endangers or is likely to endanger any other person or the property of any other person,

the driver is guilty of a category B felony . . . .

NRS 484B.550(1), (3).

The elements of the felony eluding offense, as charged in this case, include: (1) driving a vehicle (2) in a manner that endangers or is likely to endanger any other person or the property of any other person. NRS 484B.550(1), (3). All of the elements of misdemeanor reckless driving—(1) driving a vehicle (2) in willful or wanton disregard of the safety of persons or property, NRS 484B.653(1)(a)—are included in the elements of the charged offense of felony eluding under NRS 484B.550(3)(b), making misdemeanor reckless driving a lesser included offense in this case. Because the offense of reckless driving is a lesser included offense of felony eluding as charged in this case, Kelley could not be punished for both crimes.

Accordingly, because Kelley was already convicted of a lesser included offense for the same act underlying the felony eluding offense, we conclude that his conviction for felony eluding violates double jeopardy and we reverse Kelley's conviction for felony eluding a police officer.[2]

_____Douglas_____, J.
Douglas

We concur:

_____Cherry_____, J.
Cherry

_____Gibbons_____, J.
Gibbons

_____

[2]We note that the State also argues that the two offenses in this case were directed at different acts. According to the State, Kelley's acts constituting reckless driving occurred on Moor Avenue and Shoshone Avenue. In contrast, Kelley's acts constituting felony eluding occurred on Shoshone Avenue and four other streets. Thus, although the reckless driving offense originated from the same event as the felony eluding offense, the City only charged a small part of the entire incident. We conclude that this contention lacks merit because the acts underlying both offenses are based on the same conduct. Further, the acts occurring on Moor Avenue and Shoshone Avenue are subsumed within the acts occurring on Shoshone Avenue and the additional four streets.