OPINION
 

 By the Court,
 

 Douglas, J.:
 

 In this appeal, we consider whether the district court can change a jury’s verdict from not guilty to guilty for a criminal charge based on a purported clerical error after the jury has been discharged. We also address a clerical error in the judgment of conviction that precludes habitual criminal sentencing on one of the battery convictions.
 

 Regarding the verdict, we conclude that the Double Jeopardy Clause prohibits the district court from changing the jury’s verdict from not guilty to guilty for a criminal charge after the jury has been discharged, even if the change is only to correct a purported clerical error. Therefore, the district court in this case erred by changing the verdict for the robbery charge at issue from
 
 *894
 
 not guilty to guilty. Consequently, we reverse one of the robbery convictions.
 

 Regarding the judgment and sentence for battery, we conclude that the judgment of conviction erroneously treats one of the battery convictions (count four) as a felony when the jury returned a finding of guilt for a misdemeanor on that count. As a result, the district court erred in imposing a habitual criminal sentence for that count because NRS 207.010 authorizes a habitual criminal sentencing enhancement for convictions of crimes involving fraud or intent to defraud, of petit larceny, or of a felony. We therefore remand for the district court to amend the judgment of conviction to show that count four is a misdemeanor and to impose a lawful sentence for that count.
 
 [1]
 

 
 *895
 

 FACTS
 

 The State charged appellant Roderick Renard Davidson with two counts of burglary, two counts of robbery, two counts of grand larceny auto, and two counts of battery with substantial bodily harm. These charges stemmed from two separate criminal incidents involving two victims, Robert Garvin and Rulon Spencer.
 

 At the end of a consolidated jury trial for the charges arising from both of these criminal incidents, the jury deliberated and reached its verdict. In reading the jury verdict in open court, the district court clerk stated that the jury found Davidson guilty of burglary, guilty of robbery with the victim being 60 years of age or older, not guilty of grand larceny auto, and guilty of battery (but without substantial bodily harm) with regard to Garvin. As to the Spencer incident, the district court clerk read that Davidson was found not guilty of robbery, guilty of battery with substantial bodily harm, not guilty of grand larceny auto, and guilty of burglary.
 

 After reading the verdict in open court, the district court clerk asked the jurors whether her reading of the verdict was accurate. All of the jurors responded affirmatively in unison. Defense counsel requested that the jurors be polled and the jurors individually affirmed the district court clerk’s reading of their verdict. Inadvertently, only 11 of the 12 jurors were polled. Upon thanking the jurors for their service, the district court asked the jurors if they had any questions. One of the jurors asked a question about a matter not pertinent to this appeal. After the district court answered the juror’s question, none of the other jurors posed any other questions. Thereafter the jury was discharged.
 

 Nearly ten minutes after discharging the jury, the district court recommenced the trial proceedings in the presence of the State, defense counsel, and 10 of the 12 jurors. Davidson was not present at this recommencement. During this proceeding, the State informed the district court that it had approached the jurors after they had been discharged and asked them why they had not found Davidson guilty of robbery for the Spencer incident. Apparently, the jurors told the prosecutors that the district court clerk had incorrectly read the verdict as to that charge. One of the jurors also informed the prosecutors that she had not been polled.
 

 Upon the district court’s recall of the trial proceedings, the discharged jury foreperson informed the district court that he had accidentally mismarked the verdict form not guilty for the Spencer robbery and that he had subsequently remarked and initialed the verdict form to reflect a guilty finding for this robbery charge. The nine other discharged jurors who were also present agreed that the verdict form had been mismarked and that they had found Davidson guilty of robbery for the Spencer incident. They further indi
 
 *896
 
 cated that the two missing jurors had also found Davidson guilty of robbery for the Spencer incident.
 

 After allowing the ten jurors to exit the courtroom, the district court informed the prosecutors and defense counsel that they could submit written arguments as to whether the jury verdict could be changed under the circumstances posed in this case. Thereafter, at sentencing, the district court determined that the jury verdict could be changed and that it could adjudicate Davidson guilty of robbery for the Spencer incident.
 

 During sentencing, the district court found that Davidson had three prior felonies, whereby the district court adjudicated Davidson as a habitual criminal. The court then sentenced Davidson under the “small habitual criminal statute”
 
 [2]
 
 for the three convictions (burglary, robbery, and battery) related to the Garvin incident. For each of those convictions, the district court sentenced Davidson to serve 60 to 240 months in prison, with the sentences to be served concurrently. As for the three convictions related to the Spencer incident, the district court sentenced Davidson under the “large habitual criminal statute.”
 
 [3]
 
 For each of those convictions, the district court sentenced Davidson to serve life in prison with the possibility of parole after ten years, with the sentences to be served concurrently to each other but consecutively to the sentences for the convictions related to the Garvin incident. This appeal followed.
 

 DISCUSSION
 

 Double jeopardy claim
 

 Davidson argues that the Double Jeopardy Clause
 
 [4]
 
 prohibited the district court from changing the verdict for the robbery charge stemming from the Spencer incident from not guilty to guilty after the jury had been discharged. Davidson contends that questioning by the prosecution tainted the jurors. The State responds that it was not unfair to correct the purported “clerical error” in the jury verdict, relying primarily on the Ninth Circuit Court of Appeals’ decision in
 
 United States v.
 
 Stauffer.
 
 [5]
 

 A claim that a conviction violates the Double Jeopardy Clause generally is subject to de novo review on appeal.
 
 [6]
 
 The Double
 
 *897
 
 Jeopardy Clause provides that no person “shall ... be subject for the same offence to be twice put in jeopardy of life or limb.”
 
 [7]
 
 Similarly, under Article 1, Section 8(1) of the Nevada Constitution, “[n]o person shall be subject to be twice put in jeopardy for the same offense.” As recognized by the United States Supreme Court, the Double Jeopardy Clause protects a defendant from being put in fear of a conviction after having been acquitted of an offense:
 

 The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.
 
 [8]
 

 Consistent with this underlying idea, the district court has the authority, before accepting a verdict and before discharging a jury, to send the jury back to correct clerical errors and mistakes in their verdict,
 
 [9]
 
 but the Double Jeopardy Clause does not allow the district court to enhance a verdict if the jury has been discharged because such action could compel the defendant to live in a continuing state of anxiety and insecurity that he or she later could be found guilty for crimes of which he or she had been acquitted. Therefore, a correction that eventually enhances a defendant’s conviction must be undertaken before the jury has been discharged.
 
 [10]
 

 In
 
 Stauffer,
 
 the verdict form had reflected convictions for “drug distribution conspiracy, Hawaii extortion, and travel counts,’ ’ and it reflected an acquittal on “the Nevada extortion count.”
 
 [11]
 
 “Post-verdict interviews of several jurors, initiated by [the defendant’s] counsel, determined that the jury had made a clerical error.”
 
 [12]
 
 ‘ ‘The jury apparently became confused concerning the numbering of the counts on their copy of the superseding indictment.”
 
 [13]
 
 Ac
 
 *898
 
 cording to the jury, “they had intended to acquit [the defendant] on the Hawaii extortion count, and convict on the Nevada extortion count.”
 
 [14]
 
 The district court subsequently “solicited affidavits from the jurors,” and “[a]ll the jurors attested to the clerical error.”
 
 [15]
 
 “At a final post-trial hearing, ... the [district [c]ourt switched the verdicts on the two extortion counts to correct the jury’s mistake.”
 
 [16]
 
 The United States Court of Appeals for the Ninth Circuit affirmed, concluding that the district court’s correction of the verdict after the jury was discharged by switching it from acquittal to guilty, due to a clerical error made by the jury on the verdict form, did not violate double jeopardy.
 
 [17]
 
 In reaching its decision, the court concluded that the “district court did not alter the jury’s verdict itself,” but rather “corrected the verdict form to reflect the jury’s true intent.”
 
 [18]
 

 The
 
 Stauffer
 
 decision is distinguishable from the instant appeal. Unlike
 
 Stauffer,
 
 only 10 of the 12 jurors responded (in court) as to the verdict being inaccurate; by not having all 12 of the jurors enter into sworn affidavits or respond in court, there could be no assurances that any change in the verdict was a product of the complete jury’s true intent.
 
 [19]
 
 Further, the change in the verdict here enhanced Davidson’s conviction, whereas the change in
 
 Stauffer
 
 did not increase or decrease Stauffer’s convictions.
 
 [20]
 

 In addition to the district court’s error in amending the verdict after the jury had been discharged, the district court erred in basing the amendment on the statements of only the ten jurors who were present during the recommencement proceeding. Under Nevada law, a criminal case in district court must generally be decided by a 12-person jury,
 
 [21]
 
 and the verdict must be unanimous.
 
 [22]
 
 Here, there is doubt concerning whether there was a unanimous verdict regarding the challenged conviction. The district court clerk recited the verdict in open court. The jurors were then presented with at least three opportunities to object — when the district court clerk asked.the jury as a whole whether her reading was accurate, when the jury was individually polled (which should not have precluded the unpolled juror from objecting), and when the
 
 *899
 
 district court thanked and asked the jurors if they had any questions. No juror raised any objection prior to speaking with the prosecution after they had been discharged. Therefore, despite the jury having been discharged, the district court could not have changed the verdict here without having all jurors present who unanimously agreed about the purported error.
 

 Moreover, the district court erred in changing the verdict here because Davidson was not present at the recommencement proceeding when the jurors informed the district court about the purported error with the verdict. Thus, the district court’s actions of having the jury report about the purported error without Davidson’s presence and then later changing the verdict violated notions of due process, as Davidson was not present at a critical stage of his trial.
 
 [23]
 

 Accordingly, we conclude that the district court was precluded from changing the verdict from not guilty to guilty for the robbery charge stemming from the Spencer incident.
 

 Judgment and sentence on battery conviction
 

 Davidson argues that the district court erred in increasing his sentence for count four under the small habitual criminal statute
 
 [24]
 
 because the jury returned a verdict for a misdemeanor on that count. In this respect, Davidson also indicates that the judgment of conviction contains a clerical error in that it identifies count four as a felony conviction rather than a misdemeanor conviction. We agree.
 

 The record indicates that the jury found Davidson guilty of misdemeanor battery in count four. Despite that verdict, the judgment of conviction reflects a felony conviction for count four. The district court enhanced the sentence for that count under NRS 207.010(l)(a) after adjudicating Davidson as a habitual criminal based on three prior felony convictions.
 

 Because Davidson did not object to being sentenced as a habitual criminal on the grounds that the district court erred in adjudicating him as a habitual criminal because count four was not a felony conviction, we review this issue for plain error.
 
 [25]
 
 Under plain error review, “this court has the discretion to address an error if it was plain and affected the defendant’s substantial
 
 *900
 
 rights.”
 
 [26]
 
 In addition, “an illegal sentence may be corrected at any time.’ ’
 
 [27]
 

 NRS 207.010 allows the district court to enhance the sentence for certain types of offenses if it adjudicates the defendant as a habitual criminal. In particular, NRS 207.010(l)(a) allows for “small” habitual criminal sentencing of a person convicted of “[a]ny crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony” who has certain qualifying prior convictions. And NRS 207.010(l)(b) allows for “large” habitual criminal sentencing of a person convicted of “[a]ny felony” who has certain qualifying prior convictions. We conclude that although the statute allows the district court to enhance the sentence for each primary offense,
 
 [28]
 
 the primary offense must be a felony or, for purposes of the “small” habitual criminal statute, a petit larceny or a crime that includes fraud or intent to defraud as an element.
 

 Because Davidson was convicted of a misdemeanor battery for count four and the charge did not involve an element of fraud or intent to defraud, the district court plainly erred when it increased the sentence for that count based on its adjudication of Davidson as a habitual criminal. Accordingly, we remand this matter for the district court to amend the judgment of conviction to reflect the misdemeanor conviction on count four and to impose a lawful sentence for that count.
 

 CONCLUSION
 

 The Double Jeopardy Clause prohibits the district court from changing the jury’s verdict from not guilty to guilty for a criminal charge, even to correct a purported clerical error, after the jury has been discharged. The district court therefore erred in changing the jury’s not guilty verdict on the Spencer robbery count to guilty. Additionally, as conceded by the State, the judgment of conviction contains an error identifying the battery conviction in count four as a felony, and the district court plainly erred in increasing the sentence for that conviction under the habitual criminal statute. Accordingly, we reverse the robbery conviction related to the Spencer incident and remand for the district court to amend the judgment of conviction and to impose a lawful sentence for count four. We affirm the judgment in all other respects.
 

 Hardesty and Parraguirre, JJ., concur.
 

 [1]
 

 Appellant also raises the following issues on appeal: (1) the district court erred in admitting his confession, inmate request/grievance forms, and identifications by the victims into evidence; (2) the district court violated his constitutional rights when it refused to sever his trial according to the counts related to each victim and then proceeded to sentence him as a habitual criminal; (3) the State failed to bring him to trial within the 60-day speedy trial period; (4) errors occurred during jury selection; and (5) cumulative error. We conclude that (1) Davidson’s confession was voluntary and the police did not violate his constitutional rights in obtaining the statement,
 
 see Passama v. State,
 
 103 Nev. 212, 214, 735 P.2d 321, 322-23 (1987);
 
 see also Dickerson
 
 v.
 
 United States,
 
 530 U.S. 428, 433 (2000); (2) the district court did not plainly err in admitting Davidson’s inmate request/grievance forms and the admission did not violate Davidson’s Sixth Amendment right to counsel,
 
 see
 
 NRS 48.045(2);
 
 Massiah v. United States,
 
 377 U.S. 201, 206 (1964);
 
 see also Shults v. State, 96
 
 Nev. 742, 751, 616 P.2d 388, 394 (1980) (providing that under plain error review, even when the district court errs in receiving evidence, this court will not reverse where the complained of error did not affect the appellant’s substantial rights); (3) the identification procedures were not suggestive or unduly tainted,
 
 see Bias
 
 v.
 
 State,
 
 105 Nev. 869, 871, 784 P.2d 963, 964 (1989) (citing
 
 Jones v. State,
 
 95 Nev. 613, 617, 600 P.2d 247, 250 (1979) (quoting
 
 Stovall
 
 v.
 
 Denno,
 
 388 U.S. 293, 301-02 (1967),
 
 overruled on other grounds by Griffith v. Kentucky,
 
 479 U.S. 314 (1987))); (4) the district court did not abuse its discretion in refusing to sever Davidson’s trial,
 
 see Honeycutt v. State,
 
 118 Nev. 660, 667-68, 56 P.3d 362, 367 (2002),
 
 overruled on other grounds by Carter
 
 v.
 
 State,
 
 121 Nev. 759, 765, 121 P.3d 592, 596 (2005); (5) Davidson did not have the right to a jury trial for his habitual criminal adjudication,
 
 see Parkerson v. State,
 
 100 Nev. 222, 224, 678 P.2d 1155, 1156 (1984); (6) Davidson’s habitual criminal adjudication did not violate the Eighth Amendment,
 
 see Schmidt
 
 v.
 
 State,
 
 94 Nev. 665, 668, 584 P.2d 695, 697 (1978);
 
 see also Odoms v. State,
 
 102 Nev. 27, 33-34, 714 P.2d 568, 572 (1986); (7) the district court did not plainly err in selecting an alternate juror,
 
 see Moore v. State,
 
 122 Nev. 27, 37, 126 P.3d 508, 514 (2006); (8) the district court did not err in evaluating Davidson’s challenges for cause,
 
 see State v. Lewis,
 
 50 Nev. 212, 224-29, 255 P. 1002, 1005-08, (1927);
 
 see also Bryant v. State,
 
 72 Nev. 330, 335-36, 305 P.2d 360, 362-63 (1956); (9) Davidson’s right to a speedy trial was not violated,
 
 see Anderson v. State,
 
 86 Nev. 829, 834, 477 P.2d 595, 598 (1970); and (10) cumulative error does not warrant reversal of Davidson’s convictions,
 
 see DeChant
 
 v.
 
 State,
 
 116 Nev. 918, 927, 10 P.3d 108, 113 (2000).
 

 [2]
 

 NRS 207.010(l)(a).
 

 [3]
 

 NRS 207.010(l)(b).
 

 [4]
 

 U.S. Const, amend. V.
 

 [5]
 

 922 F.2d 508 (9th Cir. 1990).
 

 [6]
 

 U.S. v. Davenport,
 
 519 F.3d 940, 943 (9th Cir. 2008);
 
 see also Grey v. State,
 
 124 Nev. 110, 117, 178 P.3d 154, 159 (2008) (observing that this court applies a de novo standard of review to constitutional challenges).
 

 [7]
 

 U.S. Const. amend. V.
 

 [8]
 

 Green
 
 v.
 
 United States,
 
 355 U.S. 184, 187-88 (1957).
 

 [9]
 

 See
 
 NRS 176.565 (“Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.”).
 

 [10]
 

 See Burchett v. Com.,
 
 734 S.W.2d 818, 820 (Ky. Ct. App. 1987) (“Once a jury is discharged, it cannot reassemble if the jurors have separated and have left the presence of the courtroom.” (citing
 
 Denham v. Commonwealth,
 
 84 S.W. 538 (Ky. Ct. App. 1905)));
 
 see also State of Nevada v. Waterman,
 
 1 Nev. 453, 458 (1865) (providing that a district court may make even a substantial change to the verdict if all the jurors assent to it).
 

 [11]
 

 U.S. v. Stauffer,
 
 922 F.2d 508, 511 (9th Cir. 1990).
 

 [12]
 

 Id.
 

 [13]
 

 Id.
 

 [14]
 

 Id.
 

 [15]
 

 Id.
 

 [16]
 

 Id.
 

 [17]
 

 Id.
 
 at 514.
 

 [18]
 

 Id.
 

 [19]
 

 See id.
 
 at 511.
 

 [20]
 

 Id.
 
 at 514 (recognizing that “decreasing the impact of a judgment is less problematic to a defendant than expanding its impact”).
 

 [21]
 

 NRS 175.021(2).
 

 [22]
 

 NRS 175.481.
 

 [23]
 

 Rose v. State,
 
 123 Nev. 194, 207, 163 P.3d 408, 417 (2007) (citing NRS 178.388(1)).
 

 [24]
 

 See
 
 NRS 207.010(l)(a).
 

 [25]
 

 Grey v. State,
 
 124 Nev. 110, 123, 178 P.3d 154, 163 (2008).
 

 [26]
 

 Gallego v. State,
 
 117 Nev. 348, 365, 23 P.3d 227, 239 (2001) (citing NRS 178.602).
 

 [27]
 

 Grey,
 
 124 Nev. at 123, 178 P.3d at 163 (citing NRS 176.555).
 

 [28]
 

 Odoms v. State,
 
 102 Nev. 27, 33, 714 P.2d 568, 572 (1986) (holding that sentence for each primary offense may be enhanced under NRS 207.010).