An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TERON DEALONTA FRANKLIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60618



FILED

SEP 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of domestic battery causing substantial bodily harm. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

*Facts*

Appellant Teron Dealonta Franklin had a physical altercation with Michelle Winship, a woman with whom he had an intimate relationship. When the police arrived, Franklin was unable to be located. The police spoke with Winship, who said that Franklin grabbed her hair, pulled her out of her mother's apartment, hit her with his feet and fists, and threw a bicycle on her. Winship's mother corroborated the story. The police observed a bicycle on the ground in the general area where Winship and her mother said the altercation happened. Winship complained of pain in her arm, telling an officer that she tried to block the bicycle with her arm and felt it break right away, and paramedics took her to the hospital. She underwent surgery a few days later to mend the arm. At trial, Franklin testified that Winship was the one who initiated the physical altercation by pushing him out of the apartment. He stated that, because of a ledge, they both fell onto the ground. Franklin pushed

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27701

Winship off him, but as he attempted to get up, she grabbed and pulled on his leg before he was able to get away. Franklin testified that he and Winship spoke the next day and that she accused him of breaking her arm during the altercation.

*Failure to collect evidence*

Franklin argues that all evidence concerning the bicycle should have been suppressed because the police officers failed to collect and preserve the potentially exculpatory evidence. Franklin failed to object at trial, therefore we view for plain error. *See Leonard v. State*, 117 Nev. 53, 63, 17 P.3d 397, 403-04 (2001). We conclude that Franklin has failed to demonstrate a reasonable probability that, had the bicycle been collected and available, the outcome of the trial would have been different. *See Daniels v. State*, 114 Nev. 261, 267, 956 P.2d 111, 115 (1998) (providing that defendant must show that evidence police failed to gather was material). Franklin's claim that the absence of his fingerprints or Winship's blood and hair on the bicycle would tend to establish that he never picked it up and that Winship was never hit with it was "'merely a hoped-for conclusion.'" *Sheriff v. Warner*, 112 Nev. 1234, 1240, 926 P.2d 775, 778 (1996) (quoting *Boggs v. State*, 95 Nev. 911, 913, 604 P.2d 107, 108 (1979)). Furthermore, while the police may have been negligent in failing to collect the bicycle, Franklin failed to demonstrate gross negligence or bad faith. *See Daniels*, 114 Nev. at 267, 956 P.2d at 115 (providing that, where defendant demonstrates evidence was material, "the court must determine whether the failure to gather evidence was the result of mere negligence, gross negligence, or a bad faith attempt to prejudice the defendant's case" and, in the case of mere negligence, limiting defendant's remedy to cross-examination regarding investigative

deficiencies). On cross-examination, the on-scene officer admitted that it was unusual to not photograph a scene or an alleged weapon but that the immediate focus was on locating Franklin and, when he was not found, on meeting with Winship at the hospital for a follow-up interview. The officer stated that Winship's arm had no open cuts and that he felt it was unnecessary to fingerprint the bicycle. As Franklin failed to demonstrate bad faith or gross negligence, it was not error to admit testimony and photographs that were later taken regarding the bicycle.[1]

*Gruesome photograph*

Franklin argues that the district court erred by admitting a photograph of Winship's arm after surgery, claiming that the picture was gruesome and more prejudicial than probative. The district court, after reviewing post-surgical photographs of Winship's arm with staples, admitted one photograph, finding that the probative value of the picture was not substantially outweighed by unfair prejudice, but disallowed a close-up photograph of the same image. "The admission of photographs of victims is within the sound discretion of the trial court and will be disturbed only if that discretion is abused." *Wesley v. State*, 112 Nev. 503, 512-13, 916 P.2d 793, 800 (1996). The admitted photograph was probative to illustrate the victim's injury and disfigurement, which was relevant to establish the substantial-bodily-harm element of the offense, *see* NRS

---

[1]While Franklin argues that he was prejudiced by law enforcement's actions and that a showing of prejudice is an alternative to a demonstration of bad faith, this standard, as well as the cases cited, address a failure to preserve evidence. As the police officers never had possession of the bicycle, there could be no failure to preserve it.

0.060 (definition of substantial bodily harm), and we conclude that the district court did not abuse its discretion.

*Jury instruction*

Franklin claims that the district court erred in giving a transition jury instruction, offered by his counsel, and argues that the jury was incorrectly instructed that he could be acquitted of battery or battery causing substantial bodily harm but not of both. While the failure to object to an instruction generally precludes appellate review, we may address plain error affecting the defendant's substantial rights. *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). We discern no error as the instruction correctly informed the jury that Franklin could be found not guilty of either crime and the district court instructed the jury on the presumption of innocence, the standard of reasonable doubt, and the State's burden of proving each element beyond a reasonable doubt.

*Substantial bodily harm*

Franklin challenges the finding of substantial bodily harm, specifically whether sufficient evidence was presented to establish that Winship suffered substantial bodily harm and that Franklin was the cause of the harm. Our review of the record, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

With regard to Franklin's claim that Winship did not suffer substantial bodily harm, the jury heard testimony from Winship and her mother that nothing was wrong with Winshp's arm prior to the incident. Winship testified that immediately after the incident she was in pain and could not lift her arm and that she subsequently required surgery and a

titanium plate to repair the injury. Winship testified that she continued to experience numbness and weakness in her arm. To the extent that Franklin argues that the evidence presented was based on hearsay, or the doctor's statements to Winship that her arm was broken, we conclude that, while it may have been error to introduce the doctor's diagnosis,[2] Winship was able to testify as to her pain and subsequent surgery, as she had direct knowledge of these facts, *see* NRS 50.025, and from the evidence presented, the jury could reasonably infer that she suffered substantial bodily harm. *See* NRS 0.060.

With regard to Franklin's claim that there was no evidence that his conduct was the cause of the harm, Winship and her mother testified that he threw a bicycle onto Winship. The on-scene officer relayed Winship's statement that she tried to block the bicycle with her arm and felt it break right away. Paramedics took Winship from the scene to the hospital, and she testified that as a result of the bicycle being thrown on her, she required surgery to mend her arm. We conclude that a reasonable juror could infer from the evidence presented that Franklin was the cause of Winship's substantial bodily harm. It is for the jury to determine the weight and credibility to give to conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

---

[2]Franklin fails to demonstrate prejudice by the State's decision not to call Winship's doctor to testify.

 

*Perjury*

Franklin contends that his conviction must be set aside because Winship committed perjury, as evidenced by inconsistencies between her testimony at the preliminary hearing and at trial. Franklin failed to object to the admission of these statements, therefore we review for plain error. *See Sterling v. State*, 108 Nev. 391, 394, 834 P.2d 400, 402 (1992). Franklin's counsel cross-examined Winship on her account of the incident, drawing out inconsistencies as to her memory of Franklin throwing the bicycle on her, and Winship acknowledged the inconsistencies and explained that she had been nervous and scared at the preliminary hearing. We conclude that Franklin has failed to demonstrate that Winship committed perjury. *See* NRS 199.120 (defining perjury). Any inconsistencies or improbabilities in her testimony went to the weight of the testimony and not the admissibility of the testimony; it was for the jury to determine the weight and credibility of the witnesses and testimony presented. *See Bolden*, 97 Nev. at 73, 624 P.2d at 20. Therefore, we conclude that there was no error in the admission of Winship's testimony.

*Prosecutorial misconduct*

Franklin claims that the prosecutor's comments during rebuttal argument, that Franklin's testimony was riddled with lies and inconsistencies and that Franklin's story about throwing Winship's supply of pills down the sink was absurd, warrant reversal. While the failure to object generally precludes appellate review, "we will consider prosecutorial misconduct, under plain error review, if the error either: (1) had a prejudicial impact on the verdict when viewed in context of the trial as a whole, or (2) seriously affects the integrity or public reputation of the

judicial proceedings." *Rose v. State*, 123 Nev. 194, 208-09, 163 P.3d 408, 418 (2007) (internal quotation marks omitted).

While it is improper to characterize a witness as a liar or a witness's testimony as a lie, to represent to the jury that testimony might be incredible or to demonstrate through inferences that a witness's testimony is palpably untrue is within the confines of proper argument. *Ross v. State*, 106 Nev. 924, 927, 803 P.2d 1104, 1106 (1990); *see also Rowland v. State*, 118 Nev. 31, 40, 39 P.3d 114, 119 (2002) ("A prosecutor's use of the words 'lying' or 'truth' should not automatically mean that prosecutorial misconduct has occurred."). Here, the prosecutor detailed specific inconsistencies between Franklin's version of the incident and evidence presented at trial and argued that Franklin's story was palpably untrue. While the final observation by the prosecutor, that Franklin's story was riddled with lies, was a violation of our prior admonitions to refrain from characterizing testimony as a lie, *see Witherow v. State*, 104 Nev. 721, 724, 765 P.2d 1153, 1155 (1988), we conclude that this comment does not warrant reversal of Franklin's conviction.[3]

---

[3]To the extent that Franklin argues, for the first time in his reply brief, that the prosecutor vouched for Winship's story by referencing her medical records, which were never introduced into evidence, the argument is improperly raised. A reply brief is limited to answering any new matter in the opposing brief, NRAP 28(c), and therefore we need not address it, *City of Elko v. Zillich*, 100 Nev. 366, 371, 683 P.2d 5, 8 (1984). Nevertheless, we conclude that Franklin's claim is without merit as the comments were a fair response to Franklin's argument regarding Winship's injuries and the absence of the medical records.

*Habitual criminal*

Franklin challenges his adjudication as a habitual criminal pursuant to NRS 207.010(1)(b) on multiple grounds. First, Franklin claims that the district court erred in adjudicating him as a habitual felon under NRS 207.010(1)(b) in that the sentencing judge failed to make a finding that the requisite number of prior convictions existed and failed to exercise discretion in determining whether to dismiss the allegation. The district court admitted into evidence certified copies of Franklin's prior convictions, *see* NRS 207.016(5). In reviewing the record as a whole, we conclude that the district court understood its sentencing discretion, considered the appropriate factors in determining whether to adjudicate Franklin as a habitual criminal, *see Hughes v. State*, 116 Nev. 327, 332-33, 996 P.2d 890, 893-94 (2000) (holding that there is no requirement that the district court "utter specific phrases or make 'particularized findings' that it is 'just and proper' to adjudicate a defendant as a habitual criminal"), and exercised its discretion. Accordingly, we discern no error in this regard.[4]

Second, Franklin contends that the State failed to prove three valid prior felony convictions to support a determination of habitual criminality. Specifically, Franklin argues that the State failed to prove he

---

[4]We are unconvinced by Franklin's argument that the district court found facts, other than the existence of prior convictions, that would increase the penalty for his crime beyond the statutory maximum, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Rather, the record reveals that the district court outlined its consideration of the appropriate factors and exercised its discretion in determining whether to dismiss the allegation. *See O'Neill v. State*, 123 Nev. 9, 16, 153 P.3d 38, 43 (2007).

 

is the individual convicted of stop-required-on-signal-of-police-officer, that the State failed to affirmatively show that he had counsel in connection with the robbery conviction, that some of the prior convictions were duplicitous, that the attempted unauthorized use of a vehicle was a misdemeanor, and that the submitted convictions contained documents wholly unrelated to Franklin or Franklin's criminal history. Franklin made no objection at the sentencing hearing; rather, his counsel stated that she had reviewed the prior convictions and that there was no issue in terms of their constitutionality. "[A]n unexcused failure to object in the trial court to the State's failure to make an affirmative showing of the validity of the prior convictions relied upon to enhance a penalty under NRS 207.010 precluded the raising of this objection for the first time on appeal." *Baymon v. State*, 94 Nev. 370, 372, 580 P.2d 943, 944 (1978). In his reply brief, Franklin attempts to explain his failure to object by alleging ineffective assistance of counsel. This court has repeatedly declined to address claims of ineffective assistance of counsel on direct appeal unless an evidentiary hearing has been held or would be unnecessary. *See Pellegrini v. State*, 117 Nev. 860, 883, 34 P.3d 519, 534 (2001). Neither of these exceptions exists here; therefore, we decline to address this claim.

Third, Franklin argues that the district court was prejudiced by the State's submission of a packet of convictions which contained the errors mentioned above. As Franklin failed to object at the sentencing hearing, we review for plain error. *Davidson v. State*, 124 Nev. 892, 899, 192 P.3d 1185, 1190-91 (2008). "Under plain error review, this court has the discretion to address an error if it was plain and affected the defendant's substantial rights." *Id.* at 899-900, 192 P.3d at 1191 (internal

quotation marks omitted). "Normally, the defendant must show that an error was prejudicial in order to establish that it affected substantial rights." *Gallego v. State*, 117 Nev. 348, 365, 23 P.3d 227, 239 (2001), *abrogated on other grounds by Nunnery v. State*, 127 Nev. ___, 263 P.3d 235 (2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 2774 (2012). Franklin has failed to demonstrate that the requisite number of prior convictions under NRS 207.010(1)(b) was not proven to the district court and that he was prejudiced by the district court's review of the packet of convictions.

Fourth, Franklin argues that the district court abused its discretion when it adjudicated him a habitual criminal because his prior convictions were stale and trivial. The age of the convictions does not eliminate them from potential consideration; rather, the statute leaves the matter to the district court's discretion. *Arajakis v. State*, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992) ("NRS 207.010 makes no special allowance for non-violent crimes or for the remoteness of convictions; instead, these are considerations within the discretion of the district court."); *see also* NRS 207.010(2). Besides the prior felony convictions, the district court considered Franklin's presentence investigation report, outlining his criminal activity in its entirety, and his institutional behavior. We conclude that the district court did not abuse its discretion by declining to dismiss the habitual criminal count.

Fifth, Franklin contends that NRS 207.010 is unconstitutional as applied because his sentence of life without the possibility of parole constitutes cruel or unusual punishment in violation of the United States and Nevada Constitutions. We review the constitutionality of a statute de novo. *Silvar v. Eighth Judicial Dist. Court*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006). "Statutes are presumed to be valid, and the challenger

bears the burden of showing that a statute is unconstitutional. In order to meet that burden, the challenger must make a clear showing of invalidity." *Id.* (footnote omitted). Because Franklin has not demonstrated that the habitual-criminal-punishment statute is unconstitutional, his sentence falls within the parameters of that statute, and we are not convinced that the sentence is so grossly disproportionate to the gravity of the offense and Franklin's history of recidivism as to shock the conscience, we conclude that the sentence does not violate the constitutional proscriptions against cruel and unusual punishment. *Ewing v. California*, 538 U.S. 11, 29 (2003) (plurality opinion); *Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion); *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996); *see also Arajakis*, 108 Nev. at 983, 843 P.2d at 805.

Having considered Franklin's contentions and determined that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

 

cc: Hon. Brent T. Adams, District Judge
Janet S. Bessemer
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A