## IN THE SUPREME COURT OF THE STATE OF NEVADA

SHAFIQ AHMED AFZALI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 54019

FILED

JUL 2 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER AFFIRMING IN PART AND REVERSING IN PART*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of 11 counts of lewdness with a child, 15 counts of sexual assault of a child under 14 years of age, 2 counts of first-degree kidnapping, 1 count of second-degree kidnapping, 3 counts of battery with intent to commit a crime, 3 counts of using a minor in the production of pornography, and 22 counts of possession of child pornography. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant Shafiq Ahmed Afzali allegedly sexually abused three children: DB, BM, and TM. The primary victim, DB, was abused over the course of approximately three years. Afzali was arrested after his conduct was reported to police and thousands of child pornography images were discovered in his apartment, including pornographic material depicting DB. Afzali was charged with 63 felony counts related to child pornography and sexual conduct towards the three children.[1] At trial, Afzali denied any guilt and claimed that DB was sexually aggressive and consented to his inappropriate conduct. He was acquitted on the counts

---

[1]The facts of this case are only recounted to the extent necessary to explain this court's legal reasoning.

SUPREME COURT
OF
NEVADA

(O) 1947A

16-22816

related to TM and on three of the child pornography possession charges. However, a jury convicted Afzali on the other 57 counts.

Afzali raises a number of issues on appeal: (1) whether the district court's policies regarding the grand jury-selection process violated Afzali's due process and equal protection rights; (2) whether the district court erred by admitting certain rebuttal evidence and by denying Afzali's related motion for mistrial; (3) whether the possession of child pornography convictions and the sexual assault and lewdness convictions violate the Double Jeopardy Clause or the proscription against redundancy; and (4) whether the State presented sufficient evidence to support the counts for sexual assault and lewdness.[2]

---

[2]Afzali makes a number of additional arguments: (1) the district court erred by denying Afzali's motion to sever the possession of child pornography charges from the sexual assault and lewdness charges; (2) the district court erred by denying Afzali's motion for independent psychological evaluations of DB and BM; (3) the district court erred by not conducting a proper inquiry into whether he needed a new attorney, and in creating a conflict between him and his attorney by addressing the issue in open court before the State; (4) the district court erred by refusing to provide Afzali's particularity instruction and providing the State's no-corroboration instruction; (5) the district court's interpretation of NRS 200.730 leads to absurd results, and the statute is unconstitutionally vague; (6) Afzali's sentence constitutes cruel and unusual punishment; and (7) cumulative error warrants reversal.

We conclude that these arguments are without merit for the following reasons: (1) the possession charges are connected to the sexual assault and lewdness charges because the police's possession of 25 pornographic images cannot be explained without presenting evidence related to the sexual assault and lewdness charges, so the district court did not err; (2) Afzali failed to meet his burden of demonstrating a compelling need for the examinations pursuant to *Abbott v. State*, 122 Nev. 715, 723-25, 138 P.3d 462, 467-69 (2006); (3) Afzali voluntarily withdrew his motion to substitute counsel prior to trial and never re-filed

*continued on next page...*

*Afzali does not demonstrate a prima facie fair cross-section violation*

This court published *Afzali v. State*, 130 Nev., Adv. Op. 34, 326 P.3d 1 (2014), instructing the district court to provide Afzali with demographic information regarding the grand juries that indicted him. After the case was remanded and the demographic information discovered, the parties provided supplemental briefing on appeal in which Afzali argues that the racial groups were underrepresented on the grand jury venires.

"[A] prima facie violation of the fair-cross-section requirement[ ]" is demonstrated by showing

> (1) that the group alleged to be excluded is a distinctive group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process."

---

*...continued*

it prior to trial, thus, the issue was not preserved for appeal; (4) defense counsel tacitly acknowledged that Afzali's theory of defense was embodied in the consensual intercourse instruction, and thus, Afzali's reliance on *Crawford v. State*, 121 Nev. 744, 121 P.3d 582 (2005), is misplaced as the district court had no obligation to give the proposed particularity instruction; (5) NRS 200.730 does not lead to absurd results and is not unconstitutionally vague, as the statute was interpreted in *Castaneda v. State*, 132 Nev., Adv. Op. 44, ___ P.3d ___ (2016); (6) the sentence imposed was not cruel and unusual because district courts are afforded wide discretion in sentencing, and the sentence imposed was not outside of the statutory limits for the 57 felony counts Afzali was convicted of; and (7) there were no errors justifying reversal.

 

*Williams v. State*, 121 Nev. 934, 940, 125 P.3d 627, 631 (2005) (internal quotation marks omitted) (emphasis omitted). After reviewing the supplemental record, it is clear that the grand jury selection process in no way accounted for race. NRS 6.110 sets forth the requirements for grand jury selection. First, the clerk of the court must select at least 500 qualified persons at random to whom a questionnaire is mailed. NRS 6.110(1). In Clark County, it appears that 5000 qualified people are mailed questionnaires. The questionnaires do not inquire into race, and the 5000 names are randomly drawn from department of motor vehicle and Nevada power records. The initial venire consists of the first 100 qualified people who return their questionnaires to the clerk. NRS 6.110(1). Second, the district court judges in Clark County select 50 potential grand jurors from the 100-person list. NRS 6.110(2). Third, the presiding district court judge uses a lottery system to select 17 grand jurors and 14 alternates from the 50-person group. NRS 6.110(3). Because each of the three *Williams* factors must be shown, and Afzali failed to demonstrate that racial minorities were systematically excluded from the grand jury-selection process, we conclude that there has not been a fair cross-section violation. *Williams*, 121 Nev. at 940, 125 P.3d at 631 (noting that so long as the process is designed to pick jurors from a fair cross section of the community, variations that lead to the exclusion of a certain class of persons within the venire do not offend the law.)

*The district court did not err by admitting certain rebuttal evidence and by denying Afzali's related motion for a mistrial*

Afzali makes two arguments: (1) the district court erred by admitting the State's rebuttal evidence of Afzali's prior bad acts because Afzali never "opened the door" to these bad acts, and (2) the district court

erred in denying Afzali's motion for a mistrial on the grounds that such evidence was admitted.

Afzali did not object to the rebuttal evidence either before or at the time it was presented to the jury. Rather, he later moved for a mistrial on the grounds that such rebuttal evidence was admitted. We conclude that Afzali waived his right to appellate consideration by failing to object to the rebuttal evidence prior to it being heard by the jury. *Moore v. State*, 122 Nev. 27, 36, 126 P.3d 508, 514 (2006). Furthermore, his failure to object precluded him from moving for a mistrial on the same grounds.

*Afzali's double jeopardy and redundancy claims*

Afzali raises a redundancy argument as to the possession convictions and double jeopardy and redundancy arguments as to the sexual assault and lewdness convictions.

*The possession of child pornography convictions were redundant*

Afzali argues that he can only be charged with one count of possession of child pornography under NRS 200.730 because the core element of the statute is "possession" and he possessed "all [22] items . . . on the same day at the same time." "[A] claim that convictions are redundant stems from the legislation itself and the conclusion that it was not the legislative intent to separately punish multiple acts that occur close in time and make up one course of criminal conduct." *Wilson v. State*, 121 Nev. 345, 355, 114 P.3d 285, 292 (2005).

Nevada law sets forth the following prohibition on the possession of child pornography:

> A person who knowingly and willfully has in his or her possession for any purpose any film, photograph or other visual presentation depicting a person under the age of 16 years as the subject

SUPREME COURT
OF
NEVADA

(O) 1947A

of a sexual portrayal or engaging in or simulating, or assisting others to engage in or simulate, sexual conduct [is guilty of a felony.]

NRS 200.730.

In *Castaneda v. State*, this court reviewed whether possession of numerous images of child pornography results in one or multiple charges under NRS 200.730. 132 Nev., Adv. Op. 44, ___ P.3d ___ (2016). We determined that the statutory text is ambiguous and applied the rule of lenity to conclude that only one charge can be sustained when the images are presented as a group and "individual distinct crimes of possession" are not established. *Id.* at 5-7, 15. Castaneda downloaded 15 images onto his laptop, which he copied onto his flash drive and desktop. *Id.* at 14-15. However, no evidence was presented that he had downloaded the images at different times or locations. *Id.* at 15. Thus, we overturned all but one of his possession convictions. *Id.*

Here, the jury was presented with 25 images of child pornography on a CD and convicted Afzali on 22 of the possession counts. However, while testifying, the LVMPD detective who created the 25-image CD did not discuss whether any of the 25 images were downloaded or possessed at different times or locations. Accordingly, because the State did not present sufficient evidence to overcome the redundancy issue, we overturn 21 of Afzali's 22 convictions for possession of child pornography under NRS 200.730.

*The sexual assault and lewdness convictions do not violate the Double Jeopardy Clause but the redundancy issue depends upon the sufficiency of the evidence presented at trial*

Afzali argues that many of the sexual assault and lewdness convictions violate the Double Jeopardy Clause and are redundant. Afzali's contends that "the State presented no evidence that the lewd acts

SUPREME COURT
OF
NEVADA

(O) 1947A

6

were 'separate and distinct' or that a significant amount of time interrupted the lewdness and sexual assaults."

"A claim that a conviction violates the Double Jeopardy Clause generally is subject to de novo review on appeal." *Davidson v. State*, 124 Nev. 892, 896, 192 P.3d 1185, 1189 (2008). "[U]nder Article 1, Section 8(1) of the Nevada Constitution, '[n]o person shall be subject to be twice put in jeopardy for the same offense.'" *Id.* at 897, 192 P.3d at 1189 (second alteration in original). "The Double Jeopardy Clause has been interpreted to encompass three distinct functions." *Garcia v. State*, 121 Nev. 327, 342, 113 P.3d 836, 845 (2005). "[It] protects a criminal defendant (1) from a subsequent prosecution following a conviction on the charges, (2) from a subsequent prosecution following an acquittal, and (3) from multiple punishments for the same offense in a single trial." *Id.* As to the third protection, this court

> utilizes the test set forth in *Blockburger v. United States*[, 284 U.S. 299, 304 (1932),] to determine whether multiple convictions for the same act or transaction are permissible. Under this test, if the elements of one offense are entirely included within the elements of a second offense, the first offense is a lesser included offense and the Double Jeopardy Clause prohibits a conviction for both offenses.

*Salazar v. State*, 119 Nev. 224, 227, 70 P.3d 749, 751 (2003), *disapproved of on other grounds by Jackson v. State*, 128 Nev. 598, 609-13, 291 P.3d 1274, 1281-83 (2012) (footnotes omitted) (internal quotation marks omitted).

> Lewdness requires the following elements:
>
> A person who willfully and lewdly commits any lewd or lascivious act, other than acts constituting the crime of sexual assault, upon or with the body,

or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child . . . .

NRS 201.230(1). Sexual assault requires the following elements:

A person who subjects another person to sexual penetration, or who forces another person to make a sexual penetration on himself or herself or another, or on a beast, against the will of the victim or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his or her conduct . . . .

NRS 200.366(1).[3]

Sexual assault and lewdness each have a separate element. Sexual assault includes the element of "sexual penetration," NRS 200.366(a), whereas the offense of lewdness includes the element of a lewd act "other than acts constituting the crime of sexual assault." NRS 201.230(1). Thus, double jeopardy concerns are not implicated.

However, in *Crowley v. State*, this court discussed whether convictions for lewdness and sexual assault stemming from the same underlying incident were redundant. 120 Nev. 30, 33-34, 83 P.3d 282, 285 (2004). We noted that "a case may support convictions on separate charges 'even though the acts were the result of a single encounter and all occurred within a relatively short time.'" *Id.* at 33, 83 P.3d at 285 (quoting *Wright v. State*, 106 Nev. 647, 650, 799 P.2d 548, 549-50 (1990)).

_____

[3]Both NRS 200.366 and NRS 201.230 were amended in 2015. *See* 2015 Nev. Stat., ch. 399, §§ 8, 15, at 2235-36, 2241. This disposition only discusses the statutes prior to the amendments.



However, we concluded that the defendant "never interrupted his actions" between his lewd act and his sexual assault, so the counts were redundant. *Id.* at 33-34, 83 P.3d at 285.

Afzali argues that the lewd acts were not separate from the sexual assaults. Specifically, he argues the following regarding DB: lewdness counts 7 and 8 are redundant to sexual assault counts 9 and 10; lewdness counts 20, 21, and 22 are redundant to sexual assault counts 12, 13, and 14; and lewdness counts 28 and 29 are redundant to sexual assault counts 31 and 32. Thus, the question becomes whether the State presented sufficient evidence in support of the sexual assault counts, and separately, in support of the lewdness counts, to justify all of the convictions without redundancy.

*The State presented sufficient evidence to support the counts for sexual assault and lewdness*

Afzali challenges the sufficiency of the evidence, which is commingled with the redundancy issue,[4] towards the 15 sexual assault convictions and the 8 lewdness convictions concerning DB.

"The Due Process Clause of the United States Constitution requires that an accused may not be convicted unless each fact necessary to constitute the crime with which he is charged has been proven beyond a

---

[4]Afzali also argues that count 4, 5, and 6, are redundant, regarding lewd acts towards BM. However, BM's testimony establishes at least three separate instances where Afzali touched her breasts, buttocks, and genitals; sometimes separately, sometimes together. Specifically, she testified that Afzali touched her chest, buttocks, and genitals two or three different times in Afzali's bedroom prior to June 8, 2007. She also testified that on the evening of June 8, 2007, Afzali touched her inappropriately in his bathroom. Thus, count 4, 5, and 6 are not redundant because there was sufficiently particular evidence towards each count.

reasonable doubt." *Rose v. State*, 123 Nev. 194, 202, 163 P.3d 408, 414 (2007). "A jury verdict will not be overturned if there is sufficient evidence in the record to substantiate the jury's finding." *King v. State*, 87 Nev. 537, 538, 490 P.2d 1054, 1054 (1971). "The jury is the sole and exclusive judge of the credibility of the witnesses and the weight to be given the evidence." *Id.* "We review a claim of sufficiency of evidence by looking at the facts in the light most favorable to the State." *Grant v. State*, 117 Nev. 427, 435, 24 P.3d 761, 766 (2001). "Our inquiry focuses on whether there is substantial evidence in the record to support the jury's verdict, and whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

As previously stated, Afzali argues that the lewdness counts are redundant to the sexual assault counts. Afzali also asserts that DB only testified with the requisite particularity to 6 separate incidents of sexually assault, thereby reducing the 15 counts of sexual assault to 6.

"We have repeatedly held that the testimony of a sexual assault victim alone is sufficient to uphold a conviction." *LaPierre v. State*, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992). "However, the victim must testify with *some* particularity regarding the incident in order to uphold the charge. We are cognizant that child victims are often unable to articulate specific times of events . . . ." *Id.* Thus, "[w]e do not require that the victim specify exact numbers of incidents, but there must be some reliable indicia that the number of acts charged actually occurred." *Id.*

DB testified that Afzali touched her chest, buttocks, and genitals with his hands, mouth, and genitals approximately 20 separate times before moving into the Ivy Apartment Complex. After moving into separate units at the Ivy Apartment Complex, DB testified that Afzali

continued to inappropriately touch her. She testified that these incidents happened both in his apartment and in her apartment, and she could not estimate the number of separate times Afzali committed these acts while in the Ivy Apartment Complex because there were "[s]o many." Further, she stated that sometimes he touched or rubbed her private areas and on other occasions he penetrated her private areas.

Afzali was convicted of 15 counts of sexual assault and 8 counts of lewdness towards DB. We conclude that DB's testimony sufficiently demonstrates at least 15 instances of sexual assault and at least 8 separate instances of lewdness. The charges are not redundant to each other because, according to the testimony presented, there were well over 23 separate instances of lewdness leading to sexual assault. Furthermore, lewdness is only redundant to sexual assault when both convictions arise out of "a single encounter." *Crowley*, 120 Nev. at 33, 83 P.3d at 285 (internal quotation marks omitted). Therefore, redundancy is not implicated because there is sufficient evidence to demonstrate that the lewdness and sexual assault convictions arose out of separate incidents.

We also conclude that DB testified with sufficient particularity to support each of the 15 convictions of sexual assault and 8 convictions of lewdness. In testifying that Afzali acted inappropriately well over 20 separate times, DB described incidents both before and during the time she lived in the Ivy Apartment Complex. She provided details about where many of the assaults occurred, including testimony about incidents that occurred on couches, on his bed, on her bed, and in his bathroom. She described all of the private areas that Afzali touched and penetrated, on multiple occasions. Some of her testimony was corroborated by the videotape evidence and Afzali's own admissions. It would be unreasonable

to expect DB to remember anything more than she provided, such as specific dates, because the abuse occurred over the course of more than three years in many different locations. Accordingly, we conclude that the 15 convictions of sexual assault and 8 convictions of lewdness shall not be overturned.

Accordingly we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. James M. Bixler, District Judge
Attorney General/Carson City
Clark County District Attorney
Clark County Public Defender
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A